## UNITED STATES v. GOLDFARB.
### No. 274, Docket 20991.

Circuit Court of Appeals, Second Circuit.

April 30, 1948.

Herman L. Falk, of New York City, for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Thomas F. Burchill, Jr. and William M. Regan, both of New York City, of counsel), for appellee.

Before SWAN, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The appellant has been adjudged guilty of wilfully failing to obey a grand jury subpoena duces tecum which required him to appear on March 4, 1948. The subpoena was served upon him personally on March 1st and witness fees were tendered. On the morning of March 4th, an attorney appeared outside the grand jury room and informed an assistant United States Attorney that he represented Goldfarb and that Goldfarb could not appear because of an important business engagement but was willing to appear at a later day. The grand jury promptly voted a presentment that Goldfarb be punished for contempt because of his failure to comply with the subpoena, and thereafter he was arrested, arraigned, and admitted to bail. On March 31, 1948 a hearing was held before a district judge which resulted in the judgment appealed from. At the hearing the only defense raised by Goldfarb was that his failure to respond to the subpoena was not wilful or contumaceous. This issue the district judge evidently decided against him, since a prison sentence was imposed. The appellant argues that the evidence was insufficient to support a finding of wilfulness. We think it was sufficient. The only excuse the appellant offered for dishonoring the subpoena was the existence of a business engagement and the expectation that his attorney could obtain an adjournment for his appearance. As to the engagement Goldfarb did not even testify what the engagement was. The court was not obliged to accept this excuse. Indeed there is testimony from which it may be inferred that the engagement, if there was one, was made after the subpoena was served, for at that time, according to the deposition of special agent Good, Goldfarb said he would obey the subpoena. Moreover, the subpoena which was dishonored was the fourth subpoena which had been issued and Goldfarb's previous conduct had not been such as to indicate readiness to cooperate in making the corporate records available to the grand jury. His attorney had told him how important it was to honor a grand jury subpoena and, although he may have expected the attorney to obtain a continuance he voluntarily took the risk of not obtaining one. Even advice of counsel is not a defense to an act of contempt, although it may be considered in mitigation of punishment. See Eustace v. Lynch, 9 Cir., 80 F.2d 652, 656. Goldfarb did not even act on advice of coun-

sel. Where disobedience of a subpoena is contumaceous the power of the court to punish for contempt is clear. United States v. Goldstein, 2 Cir., 105 F.2d 150, 151.

Judgment affirmed.