**LOYNING et al. v. LOYNING.**

No. 11918.

United States Court of Appeals
Ninth Circuit.

Jan. 3, 1949.

Rehearing Denied Jan. 31, 1949.

Franklin S. Longan, of Billings, for appellants.

Ralph J. Anderson, of Helena, for appellee.

Before BONE and ORR, Circuit Judges, and McCORMICK, District Judge.

ORR, Circuit Judge.

The appellants were adjudged in contempt of the United States District Court of Montana for an alleged violation of a decree of that court.

The parties to this action are engaged in the ranching business in the state of Montana. There exists a stream known as Sage Creek which has its source in the state of Montana and flows into the state of Wyoming. An independent stream known as Piney Creek flows for its entire length in the state of Montana. A dispute exists as to whether or not it is a tributary of Sage Creek.

Prior to 1906 the predecessors in interest of appellee were ranching in Wyoming and using waters of Sage Creek for irrigation purposes. In May 1906, the Circuit Court of the United States, Ninth Judicial Circuit, District of Montana, entered a decree determining the rights of the predecessors in interest of appellee in and to the waters of Sage Creek. Morris v. Bean, C.C., 146 F. 423.

In 1919 predecessors in interest of appellee moved the point of diversion from Sage Creek in Wyoming upstream fifteen miles

to a point in Montana, where water was taken from Piney Creek. In 1919, subsequent to the change of the point of diversion, predecessors in interest of appellants and of appellee were involved in disputes which resulted in contempt proceedings being instituted in the United States District Court of Montana. That proceeding resulted in a judgment holding certain predecessors in interest of appellants in contempt.

In 1939, appellant Helmet P. Loyning, and a predecessor in interest of appellant John Zweimer, brought suit in the District Court of Carbon County, State of Montana, against appellee, seeking an adjudication that appellee, B. P. Loyning, had no rights in the waters of Piney Creek. The state court entered a decree in favor of appellant Helmet P. Loyning and the predecessor in interest of appellant Zweimer, giving to them priority in the use of the waters of Piney Creek.

The history of the litigation and court adjudication presents a very confusing situation, one where we find lawyers of ability holding entirely opposite views as to which decree controls, federal or state. It is important to keep this situation in mind in seeking a solution of the question presented on this appeal as to whether acts charged to appellants constitute a violation of the injunction issued by the federal court.

The physical situation is as follows: Appellant Helmet P. Loyning makes three diversions from Piney Creek. This creek has its source on a forest reserve in the Prior Mountains. He has one diversion between appellee B. P. Loyning's headgate and the source which we will hereafter refer to as Helmet P. Loyning's diversion No. 1. He has a second diversion one-half mile below appellee B. P. Loyning's headgate, which will be referred to as Helmet P. Loyning's diversion No. 2. He, appellant Helmet P. Loyning, has a third point of diversion in section 36, which he uses during high water. This is three-fourths of a mile below appellee's point of diversion.

Appellant Zweimer has one point of diversion which is about a mile below appellee's point of diversion.

In the affidavit and petition for an order to show cause upon which these proceedings were instituted it is alleged:

"10. That on or about the 14th day of June, 1946, this affiant notified the said Helmet P. Loyning and John Zweimer of the rights of this affiant to the waters of Piney Creek as a tributary of Sage Creek and that they and each of them were diverting the same from the affiant to his damage and in contempt of the decree of this court heretofore entered as aforesaid and demanded that the said Helmet P. Loyning and John Zweimer allow said water to flow down said Piney Creek in sufficient quantities to allow affiant to divert 110 miner's inches thereof; that notwithstanding such notice and demand from this affiant, and notwithstanding the decree heretofore entered as aforesaid, the said Helmet P. Loyning, as successor in interest of the defendant W. R. Bainbridge, and John Zweimer, as successor in interest of the defendant, C. H. Young, are unlawfully and wrongfully diverting all of the waters of said Piney Creek, a tributary of Sage Creek; except as hereinabove expressly stated, and are thereby depriving this affiant of the use of such waters, except as hereinbefore expressly stated."

It is apparent that it was and is impossible for appellant Zweimer to commit the acts charged in the petition as a violation of the decree for the simple reason that his point of diversion is more than a mile below that of appellee. A user on the lower part of a stream cannot, by use of his point of diversion, prevent water from reaching a user on the upper part of the same stream. As to appellant Helmet P. Loyning, the only manner in which he could prevent water from reaching appellee's diversion point, would be by the use of his diversion ditch No. 1. The uncontradicted testimony is that Helmet P. Loyning does not use his No. 1 diversion until on or about August 1st of each year. The acts here complained of are alleged to have occurred on or about the 14th of June. Insofar as the charges made against the appellants are concerned they stand refuted by the physical facts and the uncontradicted evidence as to when diversion point No. 1 is used. The evidence is conflicting as

to what actually transpired between the parties leading up to the lodging of the contempt charge. Considering it in the light most favorable to petitioner (appellee) we find it to be substantially as follows:

The substance of the relevant and material part of appellee's testimony, upon which alone the contempt charges are based, is to the effect that about the middle of June appellants objected to his taking water; that he made demand upon them for water to supply his Howell rights; they refused. Zweimer objected to appellee's taking water out of Piney Creek under the Howell right. Zweimer did not do anything to prevent him from taking water out. Appellee told Zweimer he wanted the water under the Howell right. Zweimer said he couldn't have the water under the Howell right. Zweimer did not dam up his (appellee's) "ditch or anything", he just informed him he couldn't take the water out under the Howell right. Appellants gave their versions of the conversations and taking those portions of said conversations which are not in conflict with appellee's testimony, and considering them in connection with the testimony given by appellee, we think it a fair construction to say that the *refusal* voiced by appellants was no more than a *refusal* to admit that the Howell decree of the federal court prevailed over the decree of the state court. This is hardly sufficient in our opinion to warrant a finding of a violation of the injunctive provisions of that decree. This is more evident when we find lawyers disagreeing as to which controls. The testimony of Helmet P. Loyning that he later gave his assent to appellee to use water but not under the Howell decree, lends support to our construction of the effect of the conversations.

The circumstances under which appellee sought out the appellants and addressed the questions to them concerning his use of the water leaves us with a feeling that he did so for the express purpose of laying the groundwork for a contempt charge and thus forestall any attempt that might have been made by the appellants to institute contempt charges under the state decree, in the event he (appellee) diverted the water. These people are the victims of a

situation which should be cleared up. We are not in a position to suggest the answer as to how it should be done. We are in a position to say that it cannot be done by contempt charges predicated upon evidence such as we have before us. A mere refusal to acknowledge that one court decree is superior to another is not a violation of the letter and spirit of either. There must be such a violation to constitute contempt. City of Campbell Mo. v. Arkansas-Missouri Power Co., 8 Cir., 65 F.2d 425, 427.

Reversed.