### In re DOOR.

### In re ROTHMAN.

United States Court of Appeals
District of Columbia Circuit.

Argued April 17, 1951.

Decided Jan. 31, 1952.

Mr. Ross O'Donoghue, Asst. U. S. Atty., for the United States.

Messrs. David G. Bress and Sheldon E. Bernstein, Washington, D. C., for respondent William H. Door.

Mr. Marvin D. Rothman, Los Angeles, Cal., respondent, pro se.

Before GRONER, Circuit Judge, retired, and BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

When the case of Door v. Donaldson, 90 U.S.App.D.C. ——, 195 F.2d 764,[1] was appealed to this court the appellant therein (the above named respondent Door) applied to us to enjoin the appellee Postmaster General, pending the appeal, from giving effect to his order of January 17, 1951, directed to the Postmaster at Los Angeles, the validity of which was involved in the main appeal. Had we granted such an injunction it would have superseded the

denial by the District Court of a preliminary injunction against the same order. Instead, we directed [2] the Postmaster General, pending the appeal,

"1. * * * (a) to impound all letters and all other mail matter addressed to appellant at Hollywood, Los Angeles, California, except letters and other mail matter addressed to appellant at his home and addressed to appellant at his restaurant business; and (b) to deliver the said mail addressed to appellant at his home and at his restaurant business."

We also ordered,

"2. That the appellee shall promptly notify the Postmaster, Los Angeles, California, and such Post Office officials as may be necessary of the terms of this order and require them to comply fully herewith."

Thereafter,[3] the United States Attorney filed a motion in this court on behalf of the Postmaster General for a rule to show cause why Door should not be held in contempt of this court, and for other relief, on the ground that subsequent [4] to our impounding order he had filed, in the United States District Court for the Southern District of California, Central Division, a suit to compel the Postmaster of Los Angeles to deliver to him all mail addressed to him. This suit asserted the invalidity on constitutional grounds of the order of the Postmaster General of January 17, 1951. The complaint referred generally to litigation pending in the District of Columbia but omitted mention of our impounding order. The District Court in California granted a temporary restraining order directing the Los Angeles Postmaster to dis-

1. (a) No. 10904, Door v. Donaldson, before Edgerton, Bazelon and ˙ Fahy, Circuit Judges, appeal from the United States District Court for the District of Columbia.

(b) Although all the papers previously filed in the contempt proceedings have been, without objection of the parties, captioned in the original cause, which is proper in proceedings in civil contempt, Gompers v. Bucks Stove & Range Co., 1911, 221 U.S. 418, 446, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874, we recognize that proceedings for criminal contempt call for a form independent of the

caption of the basic litigation, Gompers v. Bucks Stove & Range Co., 1911, 221 U.S. 418, 446, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874; 14 Cyc.Fed.Proc. 125, 139 (2d ed. 1944), and we accordingly have captioned this opinion as above indicated. It should be noted that on motion, made in open court and not objected to, the United States became a party to the criminal contempt proceedings.

2. February 2, 1951.

3. April 6, 1951.

4. March 27, 1951.

regard the order of the Postmaster General of January 17, 1951. The Postmaster at Los Angeles accordingly released to Door the mail which we had ordered impounded.

Door filed an opposition to the application for a rule, accompanied by copy of a stipulation entered into between California counsel who had represented him there and the office of the United States Attorney for the Southern District of California, to the effect that the District Court might temporarily restrain the Los Angeles Postmaster until such time as other cases pending in the same District, raising questions considered to be similar, had been ruled upon. It does not appear, however, that any of these other cases involved an order comparable to our interim impounding order.

We enjoined[5] Door, until further order of this court, *inter alia*, from prosecuting the action in the United States District Court for the Southern District of California. On the same day we ordered him to appear on May 15, 1951, at 10:30 a. m., to show cause, if any he had, why he should not be adjudged in civil and criminal contempt because of the matters and things represented by the United States Attorney. A certified copy of our order, with a copy of the motion therefor and affidavit accompanying it, were, as we required, served personally upon Door. He made formal written return through his counsel and also appeared in person at the time and place designated.

The United States, on motion by the United States Attorney for the District of Columbia, made in open court, and not objected to on behalf of respondent Door, was made a party in the criminal contempt proceeding.

Respondent Door made no demand for trial by jury and did not assert lack of compliance in any respect with Rule 42, Fed. R.Crim.P. 18 U.S.C.A.

Hearing was had before us in open court May 15, 1951. Upon inquiry by the court as to whether respondent Door desired a trial, or stood in defense on his return and such argument as might be made, his counsel stated that respondent Door was content to stand on the record, and would move for discharge of the rule if the facts as stated were accepted by the court. The court stated there was uncertainty as to how it would construe the facts, a matter which would not be decided until the case had been submitted. There followed a discussion which led the presiding judge on behalf of the court to request the clerk to let the record show agreement of the parties to submit the matter to the court on the motions, affidavits and pleas filed in connection with the rule. Thereafter, however, during the course of argument which ensued on the merits of the contempt question, a factual issue arose about which respondent Door testified on direct and cross-examination. This testimony relates particularly to the amount of mail released as a consequence of the action taken in the District Court in California.

Under date of October 18, 1951, this court, through its clerk, advised respondent Door, his Washington counsel, and the United States Attorney, that on November 2, 1951, at 2 p. m., further oral argument would be heard on the order to show cause if requested on or before October 29, 1951, and that in the absence of such request the matter would be disposed of on the papers submitted. No such request was made; but on October 29, 1951, the United States Attorney moved for a delay to November 5 to afford opportunity to file additional evidence, followed by motion of November 2, to supplement the record by filing additional evidence. This motion was accompanied by affidavits of a Post Office inspector at Los Angeles and the exhibits mentioned therein, of a city carrier there, and of the operator of a professional employment agency, all of which the United States Attorney moved be lodged with the court as additional evidence. On November 7, 1951, the United States Attorney moved for leave to lodge additional evidence, consisting of certified copies of postal money orders referred to in the above-mentioned affidavit of a Post Office inspector. We have not heretofore acted on these motions. We now deny them for the reason that as to respondent Door, except for the advice of

5. April 24, 1951.

October 18, 1951, supra, we closed the record on May 15, 1951, when he was personally present. This was with the consent of all parties. To open the record now for the purposes stated, without consent of respondent Door and further opportunity to hear him would unduly protract and complicate a matter which needs disposition without further delay. As to respondent Rothman, infra, the tendered evidence is not relevant.

■ I. Notwithstanding the decision this day in the basic litigation that the order of the Postmaster General of January 17, 1951, is invalid because not made conformably with the applicable requirements of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., our impounding order of February 2, 1951, was valid when made and so remains until dissolved or superseded. It was within our jurisdiction, and was designed to protect the effectiveness of a judgment we might subsequently enter. See Rule 62(g), Fed.R.Civ. P. 28 U.S.C.A.; also, Rule 62(b), and Washington Gas Light Co. v. Baker, 88 U.S.App.D.C. 115, 188 F.2d 11, decided December 26, 1951. Disobedience or resistance to this order would be contempt. United States v. Mine Workers, 1947, 330 U.S. 258, 291–295, 67 S.Ct. 677, 91 L.Ed. 884. The Court there said in part:

" * * * we find impressive authority for the proposition that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings. * * *" 330 U.S. at page 293, 67 S.Ct. at page 696, 91 L.Ed. 884.

See, also, Land v. Dollar, 88 U.S.App.D.C. 311, 190 F.2d 366, opinion on petition for rule to show cause, decided April 11, 1951, certiorari granted, 1951, 342 U.S. 875, 72 S.Ct. 165.

II. The question remains whether the conduct of Door constituted either civil or criminal contempt of our impounding order.

A. *Civil contempt.*

" * * * Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained. * * *" United States v. Mine Workers, supra, 330 U.S. at pages 303–304, 67 S.Ct. 677, 701, 91 L.Ed. 884.

(a) In view of the decision on the merits this day rendered, we are constrained not to use the remedial qualities of civil contempt to coerce future compliance with our impounding order. That order was issued pending the appeal. While, as stated in the opinion in the main case, the mandate therein is being stayed, with the result that the impounding order remains temporarily in effect, we cannot say it is being violated at this time. Further, both in their civil and criminal aspects, the contempt proceedings relate to a release of mail long since accomplished. What has been done cannot now be prevented by a coercive fine or other penalty.

(b) As to the use of civil contempt as a means of compensating the United States or the Postmaster General for losses sustained, due to the alleged contempt, no evidence has been offered of loss to either, nor is opportunity sought to prove such loss. See United States v. International Union, etc., 88 U.S.App.D.C. 341, 190 F.2d 865, decided April 12, 1951.

The order to show cause, insofar as it relates to civil contempt, accordingly will be discharged.

B. *Criminal contempt.* The applicable statute, 62 Stat. 701, 18 U.S.C. § 401(Supp. 1951), reads as follows:

"A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

"(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

"(2) Misbehavior of any of its officers in their official transactions;

"(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

The respondent Door's conduct comes within clause (3). He resisted our lawful order requiring to be impounded mail which

he had been prohibited from receiving by order of the Postmaster General. This resistance took the form of steps to secure an order of the District Court in California which would in effect, and in fact did, circumvent our order, without advising that court of its existence. Had the court been so advised Door would not have succeeded. This is clear from the prompt action of the District Court in California in dissolving its order upon being advised of ours.

We have considered the evidence to the effect that Door acted in California with advice of counsel,[6] who he says was advised of our order; but on the evidence as a whole we are convinced beyond a reasonable doubt, and so find, that respondent Door, though encouraged by California counsel, consciously acted to circumvent our impounding order without acquainting the court of facts, within his knowledge, which would have prevented his successful circumvention. This constituted active resistance to our order. It is not deprived of that character by the imposition it inflicted as well upon the District Court in California. We accordingly find the respondent Door guilty of criminal contempt. See Toledo Scale Co. v. Computing Co., 1923, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719.

We fix the punishment as a fine of $2,-500.00 and shall enter an order to that effect, which will state the time, place and means of payment.

In limiting the penalty to a fine, and in fixing its amount, we have considered the activities of counsel for Door in California and the burden he must assume in part for what occurred there. We have also considered the stipulation of the United States Attorney there, which, however innocent in intention, no doubt played a part in obtaining release of the mail. We have also considered the apparent absence of advice to the court in California by the officials of the Post Office, and the lack of intercommunication between the United States Attorneys, which no doubt facilitated the re-

sult obtained by Door. We have also considered evidence of the value of the mail released, in gross, and in terms of possible profit, and, finally, the offer of respondent Door to seek to restore the situation as far as possible after our order to show cause issued.

III. Under date of June 19, 1951, this court also issued its order to show cause against Marvin D. Rothman, who represented Door in the proceedings in the Southern District of California. We required him to show cause if any he had why he should not be adjudged in civil and criminal contempt for having done the acts specified in the order. These detailed his activities in connection with the litigation in California which resulted in the release of the mail, without advice to the court of our impounding order. Rothman was ordered to make return in writing within 20 days, supported by affidavit or affidavits as he might wish or might deem pertinent, personal appearance being dispensed with until directed by further order. A copy of the order to show cause was duly served in person upon Rothman and return of service made. He made written return, in which, *inter alia,* he challenged the jurisdiction of this court over him, and denied knowledge of our impounding order of February 2, 1951, when he filed the suit in California.

Without passing upon the jurisdictional or other legal questions, we discharge the rule to show cause issued against Rothman, for the reason that we are referring the subject of his conduct to the Committee on Admissions and Grievances for its consideration and such recommendation or petition to the court in respect of Rothman's conduct as the Committee may see fit to present, including any recommendation concerning a possible proceeding in California. This will enable a more careful inquiry into his conduct to be made than has been possible thus far in these proceedings. Should the reference to the Committee on Admissions and Grievances result in a recommendation of contempt or other proceedings here or in

6. This, although it may be considered in mitigation of punishment, is not a defense. Eustace v. Lynch, 9 Cir., 1935, 80 F.2d 652; United States v. Goldfarb, 2 Cir., 1948, 167 F.2d 735.

California, our present discharge of the order to show cause is without prejudice to such proceedings.

It is so ordered.