## UNITED STATES v. CHIN LIM MOW.
### No. 33068.

United States District Court,
N. D. California, S. D.

May 9, 1952.

Chauncey Tramutolo, U. S. Atty., Macklin Fleming, Asst. U. S. Atty., and J. B. O'Grady, Asst. U. S. Atty., all of San Francisco, Cal., for plaintiff.

Malone & Sullivan, Conrad T. Hubner, San Francisco, Cal., for defendant.

HARRIS, District Judge.

The practice adopted in issuing the subpoena *duces tecum* is not in accord with Rule 17(c), F.R.C.P., 18 U.S.C.A. Bowman Dairy Co. v. United States, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879. However, the basic problem posed is not affected by the form of the subpoena nor the direction therein contained that the witness first appear in the United States. Attorney's office at a given time.

The witness is regularly before this Court and moves to quash the subpoena for the production of documentary evidence upon the ground that the documents and records described in the subpoena are the private papers and property of the defendant; that the production of the documents and records would constitute an unlawful search and seizure and compel the defendant to be a witness against himself. In finality, counsel claim that all of the documents and records are privileged communications made by the defendant to his attorney.

Counsel for the movant urges a consideration of the code provisions of the

State of California, Section 1881, Code Civ. Proc. and Section 6068(e), Business and Professions Code. They are inapplicable. We apply the rules of the common law. See Rule 26, Rules Criminal Procedure. Metzler v. United States, 9 Cir., 1933, 64 F. 2d 203, at page 208; Olmstead v. United States, 277 U.S. 438, at page 469, 48 S.Ct. 564, 72 L.Ed. 944.

■ It is the government's position that in the instant case there can be no showing that the mere clerical or bookkeeping function involved in the operation of a commercial bank account can be said to constitute a professional function calling for the attorney's legal capacities. If, as it appears in the case at bar, a lawyer undertakes to translate his activities into those of an accountant in the maintenance of either checking or savings accounts, it would seem elementary that the transactions in question would not be clothed with a privilege.

The affidavit of Liston O. Allen in support of the motion, in stating bare legal conclusions, does not lend credence to the contentions advanced.

■ The "communications" to the lawyer were manifestly addressed to the accounting methods and practices concerning the disbursement and disposition of funds. Such communications or directives are not within the purview of the traditional rule of privilege as we understand it. The subject matter of the subpoena, that is, checks, deposit slips and passbook, represent routine business transactions and as such do not come within the spirit or purpose of any rule clothing the transaction with the sanctity of a privilege. Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423; United States v. United Shoe Machinery Corporation, D.C., 89 F.Supp. 357.

■ The added contentions of counsel for the defendant that the production or disclosure of the records in Mr. Allen's possession as a trustee does violence to the Fourth and Fifth Amendments to the Constitution of the United States is entirely without merit. United States v. DeVasto, 2 Cir., 52 F.2d 26, 78 A.L.R. 336.

The government asserts that any privilege defendant may have had he waived in the manner set forth in the affidavit of Frank Filice, Special Agent, Bureau of Internal Revenue. It becomes unnecessary for the Court to pass upon the question of waiver in view of its holding that no privilege existed between attorney and client under the facts of the case at bar. It should be noted in passing that defendant's conduct would have constituted a waiver, had privilege existed. Himmelfarb v. United States, 9 Cir., 175 F.2d 924; Wild v. Payson, D.C., 7 F.R.D. 495.