John Lloyd **TAYLOR**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 12331.**

United States Court of Appeals
Sixth Circuit.

May 3, 1955.

As Amended in Denial of Rehearing
May 31, 1955.

John A. Baxter, Detroit, Mich., William Henry Caswell, Detroit, Mich., on brief, for appellant.

George E. Woods, Asst. U. S. Atty., Detroit, Mich., Fred W. Kaess, U. S. Atty., Detroit, Mich., on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

The District Judge found the appellant, John Lloyd Taylor, guilty of contempt of court and sentenced him to imprisonment for a period of five months, from which judgment this appeal was taken.

On August 6, 1953, a subpoena was issued out of the U. S. District Court for the Eastern District of Michigan directed to the appellant in Los Angeles, California, which commanded him to appear in U. S. District Court for the Eastern District of Michigan in Detroit, Michigan, at 10:00 a. m. on August 13, 1953 to testify before the Grand Jury and to bring with him all the records and books covering the operation of the Detroit Michigan Office of the Professional Screen Guild. Service on the appellant was effected on August 11, 1953 at which time he was offered advance travel funds. Appellant was granted an extension to August 18, 1953 in which to appear. Although appellant advised the U. S. Marshal's office that he would call for his transportation expenses, he did not do so.

On August 18, 1953, a few minutes before 10:00 a. m., appellant's counsel filed in the District Court at Detroit a motion

to quash the subpoena, supported by the appellant's affidavit. Appellant did not appear in person. On August 21, 1953, the United States filed its answer to the motion. Following a hearing on August 24, 1953, the motion was denied. On August 25, 1953, the United States filed a petition charging appellant with criminal contempt, supported by affidavits setting out the service of the subpoena, the offer of transportation costs, and the failure of the appellant to comply with the subpoena from August 18, 1953 to August 25, 1953. A warrant of arrest was issued, but was not executed because appellant could not be found. Appellant appeared with counsel on September 16, 1953 and was placed under a $10,000 bond. Hearing on the contempt was held on September 25, 1953.

The evidence at the hearing developed the fact that appellant was in Mexico from August 22, to September 7, 1953, ostensibly for a vacation; that he stayed at a motel or cabin in a mountainous area outside of a city where he was not required to and did not register, and which had no mailing address or telephone connection and could not be located or communicated with; that his wife was unable to give his address; that no attempt was made by the appellant from August 22, 1953 to September 7, 1953 to ascertain the outcome of the hearing on his motion to quash; and that it took him an additional nine days from September 7, when he first knew of the Court's order denying his motion to quash, to present himself before the U. S. District Court in Detroit. Judgment of contempt followed.

It is well settled that disobedience of a subpoena duces tecum is punishable as contempt of court. Wilson v. United States, 221 U.S. 361, 376–377, 31 S.Ct. 538, 55 L.Ed. 771; Rule 17(c) and (g), Rules of Criminal Procedure, 18 U. S.C.A. Reliance upon advice of counsel that it need not be obeyed or belief on the part of the person subpoenaed that it is invalid does not excuse disobedience. Eustace v. Lynch, 9 Cir., 80 F.2d 652,

656; United States v. Goldfarb, 2 Cir., 167 F.2d 735. Compare Land v. Dollar, 88 U.S.App.D.C. 311, 190 F.2d 366, 379, certiorari dismissed 344 U.S. 806, 73 S. Ct. 7, 97 L.Ed. 628.

Appellant contends, however, that his motion to quash, filed prior to the designated time for his appearance and not passed on until after the designated time, excused his failure to appear at the designated time, and that he had not been notified to appear at any specific time thereafter. Counsel stresses the point that appellant could not be deprived of his legal right to file a motion to quash or be punished for contempt in his exercise of such right. The contention does not meet the present issue. Rule 17(c), Rules of Criminal Procedure, authorizes the filing of a motion to quash. However, it will be noticed that the rule also requires that such a motion be "made promptly." Although not complying with the rule, appellant was not however deprived of that right. His conduct thereafter is what concerns the Court.

[3] Certainly, the motion to quash did not kill the subpoena. It merely held it in abeyance until the motion was disposed of. Upon denial of the motion, the command of the subpoena was in full force and effect. There was no need to designate another date for compliance. Time of compliance was already past due, and except for the pendency of the motion appellant was already in default. No doubt a reasonable opportunity would be afforded appellant to be advised of the ruling and to promptly comply before being cited for contempt. But appellant's conduct in leaving the country before the motion was ruled upon, in making himself unavailable for more than two weeks to communications of any kind, and in arbitrarily further delaying compliance for approximately nine days after his return to the United States and notice of the ruling was clearly contumaceous and fully justified the judgment of contempt. United States v. Goldfarb, supra, 2 Cir., 167 F.2d 735.

The judgment is affirmed.