Sylvester **LOCKHART**, Jr.

v.

**Arthur T. PRASSE**, Commissioner of State Prisons of Pennsylvania, **David N. Myers**, Superintendent, State Correctional Institution, Graterford, Pennsylvania,

and

**Clarence R. Wolfe**, Deputy Superintendent, State Correctional Institution, Graterford, Pennsylvania.

Civ. A. No. 38872.

United States District Court
E. D. Pennsylvania.

Nov. 8, 1965.

Sylvester Lockhart, Jr., in pro. per.

No appearance for respondent.

VAN DUSEN, District Judge.

The plaintiff in this action, Sylvester Lockhart, Jr., is incarcerated in the State Correctional Institution at Graterford, Pa., serving a 20 to 40 year sentence for robbery effective from August 24, 1956. The essence of his complaint, drawn without the aid of counsel, is that he is prevented from challenging assertions made by the courts and the state regarding the legality of his conviction because named prison officials, cited as defendants in this action, have refused to allow him to order used law books from a cer-tain bookstore in Philadelphia. The plaintiff has filed three separate petitions attacking his convictions in the state courts, all of which have been denied. A petition for a writ of habeas corpus filed in this court was dismissed without prejudice on June 12, 1962, for failure to comply with Local Rule 37.[1] At present, plaintiff has another motion attacking his conviction pending in the state court.

Plaintiff has requested this court (1) to grant him a hearing to present his arguments, (2) to issue a temporary restraining order, restraining the defendants from any further interference with plaintiff's rights until a permanent injunction is finally issued, and (3) damages in the sum of $5,000. This action is based upon the Civil Rights Act (42 U.S.C. §§ 1983 and 1985) and 28 U.S.C. § 1343, which confers jurisdiction on the District Courts.[2]

The defendants have attached to their answer a copy of a pamphlet entitled "Handbook for Inmates," which is distributed to each prisoner at Graterford upon entrance and which contains the following regulation:

> "The contents of all packages must be new and must be mailed direct from the store where the purchase was made. You must have prior approval of the Deputy Supt. to receive a package." (Page 6.)

The reason for the above rule is enunciated by defendants in their answer as follows:

> " * * * our security would be impaired by smuggling of items in the binding of used or second-hand books. To allow inmates to purchase books from any book store throughout the nation would greatly decrease our security measures within the institution." (Document 2.)

In accordance with this rule, plaintiff has been instructed by prison officials that he may purchase law books only from

---

1. United States ex rel. Sylvester Lockhart, Jr. v. Myers, Misc. No. 2408 (Document 4).

2. The additional statutes cited by plaintiff are not applicable to the record in this case.

the publisher thereof. Plaintiff alleges that this rule is discriminatory in that he is indigent and cannot afford to purchase new law books.

 The subject of the authority of prison officials to promulgate rules for the internal administration of prisons has been exhaustively treated in two recent opinions of this court: United States ex rel. Henson v. Myers, 244 F.Supp. 826 (E.D.Pa.), Opinion and Order of August 18, 1965, and United States ex rel. Wakeley v. Commonwealth of Penna., 247 F. Supp. 7 (E.D.Pa.), Opinion and Order of September 22, 1965. Copies of these able opinions, by Judges Wood and John W. Lord, Jr., respectively, are available to plaintiff (see par. 13 of Document 4),[3] and they make clear that there is nothing so unreasonable about the rule attacked in this proceeding that plaintiff is entitled to have it enjoined.[4] If second-hand books were to be receivable by inmates from any store, this court cannot say that considerable additional staff would not be needed to examine such books, since the operators of many second-hand book stores may not be as careful about packages they send to the prisoner as the operators of stores selling new books.[5] Although plaintiff states that he wants to purchase used legal books "from reputable bookstores \* \* \* such as Leary's Book Store \* \* \*," Leary's Book Store does not sell the books described in paragraphs 4–6 of his petition.

 Since the Motion docketed as Document 4 asks for the issuance of subpoenas and no hearing or trial will be held at this time, this Motion should be renewed when a pre-trial conference is scheduled.

And now, October 8, 1965, it is ordered that the prayers of the Complaint (pp. 6–7 of Document 1), requesting an order to show cause and a temporary restraining order, and the motion docketed as Document 4 are denied.

---

3. In case plaintiff does not have a copy of the opinion of August 18, 1965, in Misc. No. 3044, a copy of this opinion is being sent to him.

4. Plaintiff has not asserted that his rights of physical communication with the courts have been in any way impaired. The cases relied on by the plaintiff are distinguishable from the facts presented by this record.

5. Improper messages could be sent through underlining words in used books, as well as the hiding of improper material in the bindings.