**COMM–TRACT CORP., Plaintiff,**

v.

**NORTHERN TELECOM, INC., Defendant.**

Civil Action No. 90–13088–MLW.

United States District Court, D. Massachusetts.

July 22, 1996.

Ronald F. Kehoe, Warner & Stackpole, Boston, MA, Roger Young, Anthony P. Cho, Young & Associates, Southfield, MI, Robert F. Sylvia, John W. Bishop, Jr., Hinckley, Allen & Snyder, Boston, MA, for Plaintiff.

James C. Burling, John G. Fabiano, Deborah J. Hart, Hale & Dorr, Boston, MA, Jamal J. Hamood, Stone, Biber & Young, P.C., Southfield, MI, for Defendant.

*MEMORANDUM AND ORDER ON (1) MOTION TO ENFORCE TRIAL SUBPOENA (# 236) AND (2) JOHN PIPPY'S MOTION FOR A PROTECTIVE ORDER, TO QUASH SUBPOENA, AND FOR SANCTIONS (# 238)*

COLLINGS, United States Magistrate Judge.

### I. THE FACTS

In this anti-trust action, the plaintiff deposed John Pippy on May 30, 1991; the defendant did not cross-examine him. At the time Mr. Pippy worked for the defendant; he left that employ in November, 1993. From November, 1993 to April, 1994, he was unemployed. From July, 1994 to November, 1995, he lived in Hong Kong working for Jardine Office Systems. In December, 1995, Mr. Pippy returned to the United States and took a position with one of defendant's affiliates called NORTEL.

The District Judge to whom this case is assigned has set a number of trial dates, the latest being August 5, 1996.[1] The case has

---

**1.** On January 6, 1996, the District Judge ordered

yet to be tried. In any event, in preparation for trial, counsel for the plaintiff wrote to counsel for the defendant on March 12, 1996 indicating that "... to whatever extent you wish to call witnesses who are employed by Comm–Tract or Computer Telephone, we intend to assure you that those witnesses will be available to you on the dates you specify, to the maximum extent possible ... [and] we will expect similar consideration from you." [2] On March 20, 1996, plaintiff's counsel wrote a letter [3] to defendant's counsel advising that "... I am providing you with the names of Northern Telecom and NYNEX–Meridian witnesses who should be made available for trial." John Pippy was on the list. Plaintiff's counsel further wrote that "I would ask that you advise these witnesses to be ready to offer testimony at the commencement of proceedings in this case, once a date has been set by the Court."

On March 26, 1996, defendant's counsel wrote a letter in reply.

I am writing in response to your letter of March 20, 1996 regarding Northern Telecom and NYNEX Meridian witnesses. As you are well aware, each of these gentlemen has ongoing business obligations. Therefore, while we will make every effort to have them available at appropriate times during your case, we can make no assurance that each will be on "standby" either at the beginning of trial, or indefinitely thereafter.

Once we know when the trial will begin, you should advise me of the approximate date for each witness, and I will make appropriate inquiry. Alternatively, if you wish to provide your expected witness order now, and the anticipated time for each witness, I can begin the inquiry based on our estimation of the trial date.

Exhibit 5 to # 237.

Evidently, counsel for the plaintiff was content to rest on that assurance.

However, in "the Spring," Mr. Pippy had accepted an offer to return to work for Jardine in Hong Kong pursuant to a three-year employment contract.[4] His start date with Jardine was May 1, 1996. He avers that he "gave notice to NORTEL that I was resigning effective April 26, 1996." Conspicuous by its absence is the date on which he gave notice to NORTEL. In any event, he planned to fly to Hong Kong on April 28th.

On April 26, 1996, defendant's counsel wrote a letter to plaintiff's counsel which read as follows:

You indicated on March 20, 1996, that you anticipated calling John Pippy as a witness at the commencement of the trial. While we were unable to offer any assurances that witnesses would be "on standby," we indicated our willingness to make them available at appropriate times given sufficient notice.

We have just learned that John Pippy is leaving NCS East's employ effective today. Mr. Pippy is rejoining a company in Hong Kong with whom he had previously worked, and is leaving for Hong Kong on Monday.

Given your previous indication that you might call Mr. Pippy as a witness, I wanted to advise you of this situation immediately upon our becoming aware of it.

Exhibit 8 to # 237.

In response to that letter, plaintiff's counsel caused a subpoena [5] to be served on John Pippy early on the morning on April 28, 1996; at the time, Mr. Pippy was staying at his mother's house in Massachusetts. The subpoena commanded Mr. Pippy to appear for the trial of this case on May 13, 1996. Since at the time no firm trial date had been set, plaintiff's counsel informed Mr. Pippy's counsel that Mr. Pippy would not have to appear

the case to be "trial ready" as of February 27, 1996. On January 17, 1996, the trial date was set for March 25, 1996. On February 28, 1996, the March 25th date was confirmed. On April 9, 1996, the case was set down for a pre-trial conference on April 29, 1996. That conference was held. The August 5th date was set on June 14, 1996.

2. Exhibit 3 to # 237.

3. Exhibit 4 to # 237.

4. The facts in this paragraph are taken from Mr. Pippy's Affidavit, Etc. (# 243).

5. Exhibit B to # 243.

on May 13, 1996 but would be required to appear when the trial was set.[6] Mr. Pippy went forward with his plans and travelled to Hong Kong to take up his new employment.

Since the subpoena was served, a flurry of correspondence has been exchanged between counsel on the question of Mr. Pippy's appearance at trial. Suffice it to say, plaintiff wants Mr. Pippy to come to Boston to testify at the trial during the week of August 12, 1996; Mr. Pippy's counsel resists any order commanding his appearance and seeks to have the subpoena quashed in its entirety.

## II. THE LAW

■ The matter is governed by Rule 45 of the Federal Rules of Civil Procedure. Mr. Pippy's first argument is that the subpoena should be quashed because it is invalid in that no trial was set for May 13, 1996. Rule 45(a), provides, in pertinent part:

(a) **Form; Issuance**

(1) Every subpoena shall

(A) state the name of the court from which it is issued; and

(B) state the title of the action, the name of the court in which it is pending and its civil action number; and

(C) command each person to whom it is directed to attend and give testimony ... at a time and place therein specified; and

(D) set forth the text of subdivisions (c) and (d) of this rule.

In the circumstances of this case, I do not find that the subpoena is invalid *ab initio* by reason of the entry of the May 13th date on

the subpoena when, although trial dates had been set in the preceding months, a new date had not been set as of the date of service. As of late April, it was understood by all that trial was to commence within a matter of weeks. The mere fortuity that the trial judge had not set the precise date on which trial would commence does not, in the circumstances of this case, render the subpoena invalid. While the result might be different in other circumstances, it does not affect the validity of the subpoena in this case.[7]

■ Mr. Pippy's more substantial argument is based on the provisions of Rule 45(c)(3)(A), Fed.R.Civ.P., which provides:

(c) **Protection of Persons Subject to Subpoena**

\* \* \* \* \* \*

(3)(A) On timely motion, the court by which a subpoena was issued **shall** quash or modify the subpoena if it

(i) fails to allow a reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

---

6. Exhibit B to # 242.

7. I do not find that the cases cited by counsel for Mr. Pippy, i.e., *United States v. Polizzi*, 323 F.Supp. 222, 226 (C.D.Cal.); *rev'd on other grounds*, 450 F.2d 880 (9 Cir., 1971) and *Lockhart v. Prasse*, 250 F.Supp. 529, 531 (E.D.Penn., 1965), require a different result. In *Polizzi*, the District Judge made the statement that "... a court can issue a subpoena only if it has before it some proceeding to which the witness is being summoned" in the context of holding that a federal court in Michigan had no power to modify a grand jury subpoena issued by the federal court in Los Angeles for an appearance in Los Angeles. In addition, in the instant case, the court **did** have a proceeding before it to which

Mr. Pippy was summoned, i.e., a civil jury trial. In short, the *Polizzi* case does not deal with the factual circumstances in which the subpoena was issued in the instant case.

In the *Lockhart* case, the district judge denied a temporary restraining order, and in the context of that denial, he also denied a motion for the issuance of subpoenas because "no hearing or trial will be held at this time" and this motion "... should be renewed when a pre-trial conference is scheduled." *Lockhart*, 250 F.Supp. at 531. In the instant case, the case had progressed way beyond the initial stages at which a temporary restraining order would have been considered.

 

(iv) subjects a person to undue burden.

Emphasis added.

Mr. Pippy argues, *inter alia*, that subsection 3(A)(ii) mandates that the subpoena be quashed or modified because at the time of trial, he is "not a party or an officer of a party" and the subpoena "requires" him "... to travel to a place more than 100 miles from the place where [he] resides, is employed, [and] regularly transacts business in person ..." as of time set for trial. Counsel for plaintiff argues that the relevant time for purposes of the Rule is not the time set for trial but rather than date of service of the subpoena. Since, plaintiff argues, at the time of service of the subpoena on April 28, 1996, Mr. Pippy resided, was employed and regularly transacted business in person in Massachusetts, the fact that he has since moved to Hong Kong is irrelevant for purposes of the Rule 45(c)(3)(A)(ii) analysis.

I rule that Mr. Pippy's version of the Rule is correct and that the time frame for judging whether a witness must travel more than 100 miles from his residence, place of employment, and the place where he transacts business in person is the time when the witness is to appear, not the time when he is served. In the absence of any evidence that Mr. Pippy's move to Hong Kong was anything more than the result of a legitimate decision to change his employment and residence, he is entitled to the protections of Rule 45(c)(3)(A)(ii), Fed.R.Civ.P. Of course, the result would be different if the change of location of residence and employment was a sham undertaken for the purpose of evading the requirement that he appear to testify at trial. But the record in the instant case does not support any such proposition.

Accordingly, in such a situation, the Court has no discretion but to quash or modify the subpoena. Rule 45(c)(3)(A), Fed.R.Civ.P., plainly states "the court ... **shall** quash or modify the subpoena" if the scenario set forth in any of the four subdivisions of that Rule appertain. In my view, the just result in this case is to modify the subpoena to require Mr. Pippy to submit to a videotape deposition in Hong Kong on a date convenient to counsel but in no event later than August 1, 1996.

### III. CONCLUSION AND ORDER

Therefore, it is ORDERED that the Motion to Enforce Trial Subpoena (# 236) and John Pippy's Motion for A Protective Order, To Quash Subpoena and for Sanctions (# 238) be, and the same hereby are, ALLOWED as follows: the subpoena is modified and enforced to the extent that Mr. Pippy shall submit to the taking of his videotape deposition in Hong Kong on a date convenient to counsel but in no event later than August 1, 1996. It is FURTHER ORDERED that both motions (## 236 & 238) be, and the same hereby are, otherwise DENIED.