UNITED STATES of America, Appellee,

v.

Walter GERMANN, Appellant.

No. 260, Docket 30848.

United States Court of Appeals Second Circuit.

Argued Nov. 29, 1966.

Decided Jan. 12, 1967.

---

John S. Allee, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, and Pierre N. Leval, Asst. U. S. Atty., New York City, on the brief), for appellee.

Louis Bender, New York City (Lloyd A. Hale, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

LUMBARD, Chief Judge:

This appeal raises the question whether a witness before a grand jury is in disobedience of the command of the district court, in violation of 18 U.S.C. § 401, when he fails to return for further questioning at a time expressly directed by the foreman of that grand jury and recorded in the grand jury's minutes. We hold that he is in disobedience and we affirm the order of the district court which adjudged him in civil contempt and imposed a fine, after a hearing held in his absence as he had advised the court that he was in Switzerland and did not intend to appear.

Walter Germann appeared before the April Special and May Grand Juries in the Southern District of New York on April 29, May 2, May 6 and May 10, 1966. At the end of each session he was orally instructed when next to appear.[1] The grand juries were investigating various international holding companies owned

---

1. Germann was initially served by subpoena in New York on April 28, 1966, which ordered him to report before the grand jury on April 29, 1966 at 10:00 A.M., subject to contempt of court for failure to comply. The subpoena instructed him "not to depart the Court without leave thereof, or of the United States Attorney." Subpoenas are made freely available in blank form by the court so that the United States Attorney may simply fill in the name of the party, the place, date and time of the inquest, the nature of the investigation, and sign it at the bottom. See Rule 17(a), Federal Rules of Criminal Procedure.

by Germann and others to determine whether these corporate entities were being used to evade the laws of the United States relating to income tax and regulation of securities. He was specifically instructed on May 10 to return on May 31 but he failed to appear; his attorney informed the United States Attorney that Germann had cabled that he had decided not to appear.

The government, on July 13, 1966, moved by order to show cause to hold Germann in contempt. The motion was served on Germann's attorney, returnable on August 1. Copies of the papers were sent by certified mail to Germann in Basel and cabled to him by his attorney. Germann secured an adjournment to August 15 through new counsel, who retired a few days later but cabled Germann that the government would not agree to any further adjournment. On August 15 a third attorney appeared only for the purpose of requesting an additional adjournment. Judge Cooper granted the request for adjournment as to the criminal contempt but denied it as to the civil contempt and proceeded to hear the government's motion.

Following a hearing which neither Germann nor his counsel attended, although they had been duly advised thereof, Judge Cooper held Germann in civil contempt for his failure to appear before the grand jury on May 31, 1966. He directed that if Germann did not appear before the grand jury on or before August 22, 1966, he must pay a fine of $25,000 and an additional $1,000 for each additional day thereafter until he appeared.[2]

Thereafter, on September 27, after the court had heard arguments and received briefs on an order to show cause obtained by Germann's fourth counsel to vacate the August 15 judgment of contempt, Judge Cooper denied the motion to vacate, but he stayed the daily accumulation of the fine beyond the amount already determined on September 27, provided that Germann filed his notice of appeal and filed his brief on appeal and moved for a preference according to a schedule, all by October 27, 1966. It is from these two orders of the Southern District entered on August 15 and September 27, 1966 respectively that this appeal is taken.

Germann contends that he did not violate any process or order of the district court and thus he could not be held in contempt. The record is clear that on May 10, 1966 he was instructed by the foreman of the May grand jury to return on May 31 and that he agreed to do so. However, he argues that a foreman of a grand jury has no power to command his return at a later time and this oral command by the foreman was not "process" within the meaning of 18 U.S.C. § 401(3) or an order or command of the court. We disagree.

It is implicit in the operation of the grand jury as an arm of the district court under Rule 6, Federal Rules of Criminal Procedure, see, e. g., Levine v. United States, 362 U.S. 610, 617, 80 S. Ct. 1038, 4 L.Ed.2d 989 (1960), that the attendance of witnesses before a grand jury may be directed by the foreman or deputy foreman of that grand jury. Once the witness has appeared before the grand jury, whether pursuant to subpoena or of his own volition, the witness is subject to the orders of the grand jury. The grand-jury acts through its foreman or deputy foreman; they have the power to direct the witness to return at a stated time just as they have the power to administer an oath. It is true that the power to administer an oath or an affirmation is explicitly provided in the Federal Rules of Criminal Procedure, Rule 6(c), whereas there is no provision which specifically confers any power that the grand jury may direct further appearance of the witness.

---

2. The order stated the place and times of the grand jury's normal business hours, Monday through Friday from 10:00 A.M. to 12:45 P.M. It also enjoined Germann from transferring any assets out of the court's jurisdiction pending further hearing.

However, the power to administer an oath and question a witness would be hollow indeed if it did not include as well the power to continue the appearance and questioning of the witness until his testimony had been completed or the need for his presence had terminated. On many occasions the questioning of a witness cannot be completed at one sitting because of the complexity of the inquiry or because the witness must consult records or otherwise refresh his memory. That was the situation with Germann's appearance. In such cases it is customary for the foreman of the grand jury to direct the witness to return for further examination at a later session of the grand jury. This was done when Germann appeared before the May grand jury on May 10. After Germann had been sworn and had made a statement to the jury—which he had requested the opportunity to do—the grand jury minutes record the following:

"Mr. Allee: Mr. Foreman, could you instruct the witness to return here as 10 o'clock on the 31st of May.

Foreman: Did you hear the instruction, sir? Would you return on that date and at that time?

Witness: Yes, sir. On the 31st of May at 10 o'clock in the morning?

Mr. Allee: That is right. And that the subpoena is adjourned until that time.

Witness: Thank you, sir."

Germann asserts that the power to command his return could be exercised only by service of a subpoena signed by the United States Attorney under the Federal Rules or by direction of a judge of the court. It is sufficient answer that if the United States Attorney can compel the original attendance by signing a subpoena and causing it to be served on the witness, it would be an absurd interpretation of the rules and the power of a district court to hold that a grand jury acting through its foreman could not direct the further attendance of the witness when the witness is present before it. Here the foreman gave such a direction and a simultaneous record of what occurred was made by the grand jury stenographer.

While there is no reported opinion affirming this power of the grand jury, we think it more in point that it had been the practice for many years prior to enactment of the Federal Rules for grand juries in the Southern District and in other districts to give such directions and to record them in their minutes. This practice has continued since the adoption of the Federal Rules. Until this case no one has ever questioned it and obviously it was considered unnecessary to spell it out in the Federal Rules when they were drafted, 1941–1946.[3]

■ Nor is it material that Germann's first three appearances, on April 29, May 2 and May 6, were before a different grand jury, the April Special Grand Jury. Germann's counsel then asked that his examination be expedited so that Germann could return to Switzerland as soon as possible. The adjournment from May 6 to May 10 was arranged by consent. Germann voluntarily appeared, with his counsel in attendance, and was sworn and testified on May 10 before the May Regular Grand Jury which was also investigating possible illegal activity of holding companies owned by Germann and others. Apparently Germann was taken before the second grand jury as this was more convenient for all concerned on May 10. No objection was made to this; it was done principally to serve Germann's convenience and the adjournment from May 10 to May 31 was at his request and with his consent.

■ Germann also urges that the district court had no jurisdiction to compel the appearance of a non-resident alien. Of course there is no power to compel

3. George Z. Medalie who was United States Attorney for the Southern District of New York, 1931 to 1933, was a member of the committee which drafted the Federal Rules of Criminal Procedure.

such a witness to come from abroad. But anyone within the jurisdiction of the court may be subpoenaed and once jurisdiction thus attaches the court, acting through the grand jury, has the power to direct further appearances during its investigation and until the witness has been excused. It makes no difference where he is resident or of what country he is a citizen. Germann was served by subpoena in New York; he appeared on four occasions before the grand jury sitting in New York; the order which he deliberately disobeyed was given in New York.

As we have shown above, it is enough that Germann was in attendance before the May grand jury, that he was instructed by the foreman to return at a particular time, that he understood this and that he deliberately refused to return. The appellant's other contentions do not merit discussion. Germann was properly held to be in contempt and the provisions of the order were appropriate.

Affirmed.