**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Albert SNYDER, Defendant-Appellant.
No. 23049.**

United States Court of Appeals
Ninth Circuit.

June 23, 1969.

Rehearing Denied July 23, 1969.

Certiorari Denied Nov. 10, 1969.
See 90 S.Ct. 223.

Honorable A. Andrew Hauk, District Judge Richard G. Sherman, (argued) of Sherman & Sturman, Beverly Hills, Cal., for the appellant.

Gerald F. Uelmen, (argued) Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., David R. Nissen, Asst. U. S. Atty., Special Prosecutions Div., Los Angeles, Cal., for the appellee.

Before BARNES and DUNIWAY, Circuit Judges, and McNICHOLS, District Judge.*

BARNES, Circuit Judge:

This is an appeal from a judgment finding appellant guilty of contempt of court for failing to comply with a subpoena issued by the District Court, Central District of California.

The facts are simple. Appellant was served with a subpoena (Ex. 2) on February 15, 1968, calling for his appearance on February 20, 1968. Appellant's attorney requested the United States Attorney that appellant be allowed to remain "on call." Appellant and his attorney had made such arrangements previously and had respected their obligations. Appellant had told his attorney such a "continuing arrangement" was agreeable to him. He was not called on February 20, 1968, nor at any time before March 14, 1968. On that date, the Assistant United States Attorney sent appellant's counsel a telegram (Ex. 5, p.

* Hon. Ray McNichols, United States District Judge, Boise, Idaho, sitting by designation.

2) requesting appellant's appearance in court on April 9, 1968. This telegram was read to appellant. Thereafter, appellant wilfully absented himself from the State of California and failed to appear on April 9, 1968, or any other date to which the case on trial was continued.

Appellant, upon his return to California, was served with an order to show cause why he was not guilty of contempt of court, and was found guilty after a hearing.

The leading case on the subject is Blackmer v. United States, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375 (1932). There the defense was that the defendant had been subpoenaed for April 2, 1928, but the case was continued for trial to April 9, 1928, and he could not be punished for contempt because his only duty was to appear on April 2, 1928. The Court in *Blackmer* held:

> "It was the duty of the petitioner to respond to the subpoena and to remain in attendance until excused by the court or by the government's representatives." *Id.* at 443, 52 S.Ct. at 257.

This was the law when *Blackmer* was decided. It was also an interpretation of former 28 U.S.C. § 655, which enactment required a person served to attend "and not to depart the court without leave thereof, or of the district attorney * * *."

This statute was superseded with the adoption of Federal Rule of Criminal Procedure 17 (effective 1948), which did not incorporate the phrase quoted above. (Federal Rule of Civil Procedure 45—effective 1938—likewise dropped the language.)

 Is the duty to respond to the subpoena a "continuing duty," despite the omission of the § 655 language in the statute authorizing the subpoena? We hold it is, and was.

Rule 17 (Title 18) provides in subdivision (g):

> "*Contempt.* Failure by any person without adequate excuse to obey a sub-

poena served upon him may be deemed a contempt of the court from which the subpoena issued * * *."

 There is here no excuse. For his own convenience and/or the convenience of his attorney, appellant not only agreed to stand in readiness; he asked his attorney to arrange for it. His failure to respect the subpoena was knowing, deliberate, planned and wilful. No excuse adequate or otherwise is here offered on his behalf. He broke his agreement, arranged at his request and for his convenience, and now suggests that technically he did not do it, for he was not told personally by the court to return on April 9, 1968. The wire to his attorney told him that *by court order* his subpoena had been continued to April 9, 1968. ("Your subpoena * * * has been continued to April 9th, 1968 at 9:30 A.M. by order of the United States District Court. You must be present. * * *") Thus, he was disobeying the court, not the district attorney, when he failed to appear.

There are several reasons for our holding that the subpoena creates a continuing obligation until the person subpoenaed has been released from it.

First, there never has been any indication in Congress or in any Advisory Committee notes brought to our attention of any intent to limit the efficacy of the subpoena by the failure to include the 28 U.S.C. § 655 language in the new statute. *Cf.* In re Germann, 262 F. Supp. 707, 710 (S.D.N.Y.1966), *aff'd*, 370 F.2d 1019 (2d Cir. 1967), vacated because of petitioner's death, 389 U.S. 329, 88 S.Ct. 503, 19 L.Ed.2d 559 Notes, Fed.R.Civ.P. 45. 5 Moore, Federal Practice, ¶ 45.03[2] n. 5 (1968 ed.)

Second, this was a violation of an order of court, not of a United States Attorney, just as a subpoena issued in blank at the request of a United States Attorney is an order of the court, not of the United States Attorney. *Cf.* Taylor v. United States, 221 F.2d 809 (6th Cir. 1955).

Third, as the appellee's brief states (page 14):

"To deny the parties involved in litigation the authority to arrange for compliance with a subpoena at a time mutually convenient for all concerned would place an intolerable burden not only upon the District Courts, but upon those subpoenaed to appear as witnesses."

Fourth, the person subpoenaed is protected, should any emergency arise, from any abuse of process, or even from legitimate inconvenience to himself, by his right to move to quash.

Fifth, the Supreme Court has recognized the necessity and validity of the legal theory underlying the holding in *Blackmer, supra,* and its practical importance to the administration of justice. United States v. Bryan, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884 (1950).

We affirm.