**In the Matter of Elizabeth RAGLAND, Appellant.**

**No. 9048.**

District of Columbia Court of Appeals.

Submitted May 20, 1975.

Decided Aug. 18, 1975.

Leroy Nesbitt, Washington, D. C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Robert A. Shuker, Percy H. Russell, Jr., Henry F. Schuelke, III, John C. Lenahan and Paul N. Murphy, Asst. U. S. Attys., were on the brief for appellee.

Before KERN, YEAGLEY and HARRIS, Associate Judges.

PER CURIAM:

This is an appeal from an order of the Superior Court holding appellant in criminal contempt of court for failure to appear as a witness in the case of *United States v. William Christian, et al.* (Criminal Nos. 47900–73 through 47906–73). Appellant asserts that because the prosecutor placed

her on "telephone call notice" after she had been served with two subpoenas which specified a February 11, 1974, appearance date, her failure to appear on March 12 and 13 as notified was not a violation of a court order, but of the prosecutor's direction to her and thus she could not be held in contempt of court. We do not agree and affirm.

The facts are not contested. On January 15, 1974, appellant was personally served, by a member of the Metropolitan Police Department, with a criminal (felony) subpoena at her home in Philadelphia, Pennsylvania. The subpoena commanded her to appear as a witness for the United States in Superior Court at 9 a.m. on February 11, 1974. During the visit, the entire subpoena was read aloud and it was explained to appellant that her appearance was mandatory. In addition to the subpoena, the police officer also tendered to appellant a notice to appear for a conference at the office of the United States Attorney for the Eastern District of Pennsylvania in Philadelphia. He made it clear that unlike the subpoena this notice was neither obligatory nor binding upon appellant.

Accompanied by her family, appellant went to the United States Attorney's office in Philadelphia on January 22. There a second subpoena, identical to the first except that it specified a 10 a.m. appearance, was served on her. Appellant was informed at that time that although the subpoena directed that she appear on February 11, it was unnecessary for her actually to travel to Washington that day because there would be a large number of other witnesses called to testify ahead of her. Instead, she would be informed by telephone by the Assistant United States Attorney of the exact date and time her testimony would be required and thus she should consider herself on telephone call.

Despite having received prior telephone notification in early March to appear to testify on March 12, appellant failed to join the members of her family (also under subpoena) who appeared in court in Washington at that time as directed. A long-distance call by an Assistant United States Attorney that afternoon notified appellant that unless she appeared by the following day, he would seek a bench warrant for her arrest. When appellant failed to appear, a bench warrant was issued and she was subsequently arrested and convicted of criminal contempt.

Although the appellant here was outside the territorial jurisdiction of the District of Columbia when served, the Congress has provided in our Code that "[a] subpoena in a criminal case in which a felony is charged may be served at any place within the United States, upon order of the judge of the court." D.C.Code 1973, § 11–942(b). Those conditions were met here. Such an order, dated December 26, 1973, was signed by the trial court. The Congress also expressly conferred upon judges of the Superior Court the power to "punish for disobedience of an order or for' contempt committed in the presence of the court." D.C.Code 1973, § 11–944.

A subpoena, when duly served, creates a continuing obligation upon the person subpoenaed to comply with it until he is released by the court. *United States v. Snyder,* 413 F.2d 288 (9th Cir.), *cert. denied,* 396 U.S. 907, 90 S.Ct. 223, 24 L.Ed. 2d 183 (1969). The appellant was never released from this obligation. Rule 17(g) of the Superior Court Rules of Criminal Procedure provides that "[f]ailure by any person *without adequate excuse* to obey a subpoena served upon [her] may be deemed a contempt of the court." (Emphasis supplied.)

Appellant urges that the telephone standby procedure, arranged for her benefit and with her agreement, vitiated the continuing judicial efficacy of the subpoena. We know of no authority, and appellant cites none, to support this claim. Nor is there "any adequate excuse" here. As a convenience to appellant, because 135 wit-

nesses were to be called at the trial, the telephone standby arrangement was established. As the court said in *Snyder, supra* at 290:

"To deny the parties involved in litigation the authority to arrange for compliance with a subpoena at a time mutually convenient for all concerned would place an intolerable burden not only upon the District Courts, but upon those subpoenaed to appear as witnesses."

■ Appellant places great emphasis on the fact that in the *Snyder* case the defendant was notified by a telegram which said that the subpoena had been continued by "court order", whereas here the telephone call did not refer to a specific order of the court. While the court in *Snyder* did rely on that as one of the factors in its decision, it was certainly not the only basis for the ruling. The court there held that the subpoena creates a continuing obligation upon the witness to appear in the particular case specified unless and until the witness is released by the court. The lack of such a release by the court here made it clear that the subpoena was still binding. Accordingly, appellant's nonappearance constituted a violation of a court order. Appellant's subjective beliefs as to the subpoena's validity as asserted on appeal do not constitute a valid excuse or defense. *See United States v. Snyder, supra* at 289; *Taylor v. United States,* 221 F.2d 809 (6th Cir.), *cert. denied,* 350 U.S. 834, 76 S.Ct. 69, 100 L.Ed. 744 (1955).

■ We conclude that where, as here, the prosecution has proven beyond a reasonable doubt that a subpoena was served, that appellant fully understood the conditions of the subpoena, and that a mutually agreed upon arrangement was worked out between the parties, the failure to appear as a witness at the time set was deliberate and without adequate excuse. When such arrangements are made to postpone the appearance date and to continue the effectiveness of the subpoena to another time, it

will be incumbent on the prosecutor to establish beyond a reasonable doubt the precise terms of the arrangements made with the person subpoenaed and that the person subpoenaed understood them. In this case the appellant did not contest the facts surrounding the Assistant United States Attorney's arrangements with her either at the hearing below or here on appeal. Accordingly the conviction for criminal contempt must be upheld.

*Affirmed.*