363 So.2d 651 (1978)
In re GRAND JURY SUBPOENAS Issued to Robert MacMahon and Charles Speer.
No. 63023.
Supreme Court of Louisiana.
September 28, 1978.
Rehearing Denied November 9, 1978.
*652 Gibson Tucker, Jr., Russell J. Schonekas, Tucker & Schonekas, New Orleans, for Robert MacMahon and Charles Speer, relators.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Ralph Capitelli, Fredericka Homberg, Asst. Dist. Attys., for State of La., respondent.
DENNIS, Justice.
In this review we are called upon to decide whether a witness ordered by the district court to appear before the grand jury and to testify is discharged from the court's command at the end of the day upon which he is ordered to appear or whether he must return for further questioning at a time expressly directed by the foreman of the grand jury.
Relators, residents of the State of California, were served with subpoenas ad testificandum commanding them to appear before the Orleans Parish Grand Jury on August 22, 1978. The subpoenas were served upon the relators on August 16, 1978 during their appearance before the Commissioner of Insurance in Baton Rouge in connection with his inquiry into the affairs of the Roger Williams Insurance Company. Relator, Robert MacMahon, is a vice-president of the company, and relator, Charles Speer, is a member of the company's accounting *653 firm. The Orleans Parish Grand Jury also intended to investigate the activities of Roger Williams Insurance Company as part of its inquiry into offenses triable by the Criminal District Court of Orleans Parish.
Several procedural skirmishes occurred before the court order which is the primary subject of this litigation. On August 22, 1978 the witnesses moved to quash the subpoenas on the grounds of improper service of process. The district court denied the motion but stayed its command to appear before the grand jury until August 23, 1978 to allow the witnesses to apply to this Court for writs. Applications were not made but the district court deferred the relators' grand jury appearance until August 30, 1978. On this date the witnesses appeared in court and informed the judge that they would assert their privileges against compulsory self-incrimination and would refuse to testify before the grand jury. The State filed a request for an order pursuant to Louisiana Code of Criminal Procedure Article 439.1 compelling relators to give testimony. The relators objected to the form of the request for the order. The district court took the objection under advisement and continued the hearing on this matter until September 1, 1978.
Relators appeared before the court on September 1, 1978 and withdrew their objection to the request for an order compelling their testimony before the grand jury. The court read and explained to the witnesses the grant of immunity provided by La.C.Cr.P. art. 439.1 in connection with compelled testimony and ordered them "to appear before the Grand Jury to testify."
Immediately following the court appearance relators presented themselves to the grand jury. Relator MacMahon was called as a witness and testified before the grand jury until approximately 5:15 p.m. on Friday, September 1, 1978. When the grand jury recessed at this time for the Labor Day weekend the foreman instructed MacMahon and Speer to return at 9:00 a.m. on Tuesday, September 5, 1978.
On September 5, 1978 relators did not return or appear before the grand jury. On motion of the district attorney the district court issued a rule to show cause why relators should not be held in contempt of court, issued an alias capias and fixed bail in the amount of $50,000 as to each relator. We granted relators' applications for supervisory writs in order to determine whether relators' failure to appear before the grand jury on September 5, 1978 was a failure to comply with an order of the court.
Relators argue in this Court that they fully complied with their subpoenas by appearing, testifying and standing ready to testify before the grand jury on September 1, 1978. They point out that in criminal proceedings Louisiana Code of Criminal Procedure Article 733 requires only that the subpoena specify the "time and place" for the attendance of a witness. Unlike the subpoena form required in civil proceedings by La.C.C.P. art. 1351, the law does not provide that subpoenas in criminal proceedings shall command a witness to attend "until discharged." Thus, the inference is appropriate, relators argue, that the legislature intended for the command of attendance by a subpoena in a criminal proceeding to be limited strictly to the time specified within the particular subpoena. Since neither the written subpoenas nor the court's oral order expressly stated that the subpoenas would continue beyond September 1, 1978, relators argue that the subpoenas expired at the end of this day.
If relators' premise is correct, they would have been under no legal obligation to return for further appearances before the grand jury on September 5, 1978. Although the court shall issue a subpoena for a witness to appear before the grand jury upon request of the grand jury or the district attorney, La.C.Cr.P. art. 439, there is no authority for the district attorney or the grand jury to issue a subpoena for a witness to appear before that body. We disagree, however, with relators' presupposition that the court's command that they appear and testify before the grand jury expired with its recess for the Labor Day weekend on September 1, 1978.
*654 The attendance of the witnesses had been commanded by more than a subpoena ad testificandum. Pursuant to Louisiana Code of Criminal Procedure Article 439.1 they were ordered to give testimony before the grand jury which they previously had refused to give on the basis of their privileges against self-incrimination. In connection with this order they received a grant of immunity under which no testimony or other information compelled under the order, or any information directly or indirectly derived from such testimony or other information, could be used against them in any criminal case, except a prosecution for perjury, giving false statement or otherwise failing to comply with the order. La.C. Cr.P. art. 439.1. In explaining the grant of immunity and order to the relators the court placed no limitations upon its command. It simply ordered them "to appear before the Grand Jury to testify." Thus neither the witnesses' obligation to testify nor their grants of immunity were restricted to testimony to be given on September 1, 1978 or on any other particular day. Instead, the court's command and the immunity granted extended to all testimony relating to matters about which the relators had previously refused to testify on the basis of their privileges against self-incrimination.[1]
Even if it were to be assumed that the subpoenas served upon the relators had not been superseded or supplemented by the court's order compelling relators' testimony pursuant to Louisiana Code of Criminal Procedure Article 439.1, the relators' duty to respond to the subpoenas was a continuing duty, despite the omission from La.C.Cr.P. art. 733 of the proviso contained in La.C.C.P. art. 1351 that a subpoena shall command the attendance of the witness "until discharged."
Both La.C.Cr.P. art. 733 and La.C.C.P. art. 1351 were derived in part from Federal Rule of Civil Procedure 45. Federal Rule of Civil Procedure 45 contains language almost identical to that found in Federal Rule of Criminal Procedure 17, which provides for the form of subpoenas in criminal cases. Neither of the federal rules provides that a subpoena shall contain a statement to the effect that a witness must attend until discharged. In fact, all of the federal and Louisiana rules are couched in similar language and La.C.C.P. art. 1351 is the only one which expressly requires that a command to attend until discharged be included in a subpoena.[2]
Although Federal Rule of Criminal Procedure 17 does not expressly require a person to attend "and not to depart the court without leave thereof,"[3] this has been held to be the effect of the rule. Thus, the duty to respond to a subpoena is a "continuing duty," and a witness who appears on the return date but fails to appear on the continued date is punishable under the contempt provision. United States v. Snyder, 413 F.2d 288 (9th Cir.), cert. denied, 396 U.S. 907, 90 S.Ct. 223, 24 L.Ed.2d 183 (1969); 8 Moore's Federal Practice, § 17.10 (2d ed. 1977).
In listing the reasons for holding that the subpoena creates a continuing obligation the Ninth Circuit Court of Appeals in United States v. Snyder, supra, stated:

*655 "[T]here never has been any indication in Congress or in any Advisory Committee notes brought to our attention of any intent to limit the efficacy of the subpoena by the failure to include the 28 U.S.C. § 655 language [`and not to depart the court without leave thereof, or of the district attorney'] in the new statute . .
"* * *
"[T]he person subpoenaed is protected, should any emergency arise, from any abuse of process, or even from legitimate inconvenience to himself, by his right to move to quash.
"* * *
"[T]he Supreme Court has recognized the necessity and validity of the legal theory underlying the holding in Blackmer [i.e., it is the duty of a witness under subpoena to respond to the subpoena and remain in attendance until excused. Blackmer v. United States, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375 (1932)], supra, and its practical importance to the administration of justice. United States v. Bryan, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884 (1950)." Id. 289-90.
For the same underlying reasons we conclude that a subpoena authorized by Louisiana Code of Criminal Procedure Article 733, which is based indirectly upon the federal rules, creates a continuing obligation until the person subpoenaed has been released from it. Moreover, because of the powers bestowed by law upon the grand jury and its foreman for the purpose of investigating criminal offenses,[4] it is implicit within a subpoena or order of court directing a witness to testify before a grand jury that the grand jury may continue the appearance and questioning of the witness until his testimony has been completed or the need for his presence has terminated. In United States v. Germann, 370 F.2d 1019 (2d Cir.), vacated on other grounds, 389 U.S. 329, 88 S.Ct. 503, 19 L.Ed.2d 559 (1967), in holding that this authority is implied by other powers granted to the grand jury despite the absence of express provisions conferring any power to direct further appearance of a witness, the Court stated:
"* * * [T]he power to administer an oath and question a witness would be hollow indeed if it did not include as well the power to continue the appearance and questioning of the witness until his testimony had been completed or the need for his presence had terminated. On many occasions the questioning of a witness cannot be completed at one sitting because of the complexity of the inquiry or because the witness must consult records or otherwise refresh his memory. That was the situation with Germann's appearance. In such cases it is customary for the foreman of the grand jury to direct the witness to return for further examination at a later session of the grand jury. * * *" Id. p. 1022.
A person subpoenaed or ordered to appear before the grand jury to testify, of course, may at any time seek protection by the court from hardship or abuse of process by moving to modify or quash the subpoena or order. The district court possesses inherently all powers necessary for the enforcement of its orders and the performance of its duty to require that criminal proceedings be conducted with dignity, orderliness and justice. La.C.Cr.P. art. 17.
For the foregoing reasons, we hold that upon the facts found from the record herein, the conduct of relators in failing to appear before the grand jury on September 5, 1978 as directed by the foreman may constitute a constructive contempt of court if their failure to appear was wilful and contumacious. See, La.C.Cr.P. art. 23(2); Art. 439 (official revision comment); Art. 439.1(D). Accordingly, the case is remanded to the district court for further proceedings consistent with this opinion.
*656 TATE, J., concurs with most of the law stated, but dissents from any indication that these relators could be adjudicated in contempt or arrested and put under $50,000 bond for a failure to obey oral instructions of a jury foreman beyond the terms of these subpoenas and this order.
DIXON and MARCUS, JJ., dissent.
NOTES
[1] See In re Di Bella, 518 F.2d 955 (2d Cir. 1975) in which the court of appeals held that immunity granted a grand jury witness remained valid during his second appearance before a grand jury, where the order was not limited in time.
[2] La.C.Cr.P. art. 733, in pertinent part, provides: "A subpoena . . . shall command the attendance of a witness at a time and place specified."

Federal Rule of Civil Procedure 45, in pertinent part, provides: "Every subpoena. . . shall command each person to whom it is directed to attend and give testimony at a time and place therein specified."
Federal Rule of Criminal Procedure 17, in pertinent part, provides: "A subpoena . . . shall command each person to whom it is directed to attend and give testimony at the time and place specified therein."
La.C.C.P. art. 1351 provides, in pertinent part: "A subpoena . . . shall command the attendance of the witness at a time and place specified, until discharged."
[3] This language was included in former 28 U.S.C. § 655, predecessor of Rule 17.
[4] E. g., in furtherance of its duty to inquire into offenses triable by the district court of the parish, La.C.Cr.P. art. 437, the grand jury may meet on its own initiative at any time and place within the parish. La.C.Cr.P. art. 435. The foreman of the grand jury shall preside over all hearings, may determine rules of procedure, La.C.Cr.P. art. 436, and shall administer an oath to each witness. La.C.Cr.P. art. 440.