**UNITED STATES of America, Plaintiff,**

v.

**Deborah WILLIS and Floyd Head, Defendants.**

**No. 79 CR 297.**

United States District Court, N. D. Illinois, E. D.

Feb. 5, 1980.

J. L. Sullivan, Asst. U. S. Atty., Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for plaintiff.

Jeffrey B. Steinback, Kathy Morris, Federal Defender Program, Chicago, for defendants.

MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This matter is before the Court on Cleveland Jackson's request to quash the government's motion for a rule to show cause why he should not be held in contempt of court. The government alleges that a special agent of the FBI served Jackson with a subpoena directing him to appear on July 25, 1979 at the trial of Deborah Willis and Floyd Head. According to the government, Jackson failed to attend a meeting scheduled with the Assistant United States Attorney and failed to appear at any session of the trial which lasted from July 26, 1979 through July 31, 1979. This Court issued an arrest warrant on July 25, 1979. A special agent twice attempted to locate Jackson at the residence where he had been served with the subpoena. Eventually, Jackson was found at that address and was arrested on October 30, 1979.

Fed.R.Crim.P. 17(g) provides that "[f]ailure by any person without adequate cause to obey a subpoena served upon him may be deemed a contempt of the court . . . .." On this motion, Jackson does not attempt to offer an excuse for failing to appear; rather, he contends that although two statutes, 18 U.S.C. § 401 and 28 U.S.C. § 1826, autho-

rize contempt proceedings, 28 U.S.C. § 1826, which enumerates procedures to follow when a witness refuses to testify, more specifically applies to Jackson's, conduct and, therefore, should govern. In addition, because that provision prohibits confinement of the witness beyond the duration of the trial, and this trial has terminated, Jackson argues that he should be released.[1]

Even assuming Jackson's argument that the Court must apply the statute that more specifically controls the type of activity that occurred is correct, section 1826 is not applicable here. That provision, which authorizes confinement of a person who refuses to testify or produce materials pursuant to a court order, presupposes the presence of the witness.

In this case, Jackson did not merely refuse to testify; he failed to present himself when ordered to do so by this Court. Such action is explicitly covered by 18 U.S.C. § 401(3) which authorizes criminal sanctions for "[d]isobedience or resistance to [the Court's] lawful writ, process, order, rule, decree, or command." *See United States v. Martin*, 525 F.2d 703 (2d Cir. 1975), *cert. denied*, 423 U.S. 1035, 96 S.Ct. 570, 46 L.Ed.2d 410 (1976); *United States v. Snyder*, 413 F.2d 288 (9th Cir.) *cert. denied*, 396 U.S. 907, 90 S.Ct. 223, 24 L.Ed.2d 183 (1969); *Yates v. United States*, 316 F.2d 718 (4th Cir. 1963).

 Jackson suggests that no purpose would be served by holding him in contempt because the trial resulted in the conviction of Floyd Head on the more serious charge contained in the indictment and that his failure to testify did not prejudice the government. Jackson's argument assumes that the only purpose of the contempt powers is to induce a witness to testify. The court, however, also has an interest in pro-

tecting its dignity and authority. *See United States v. Greyhound Corp.*, 370 F.Supp. 881, 883 (N.D.Ill.), *aff'd*, 508 F.2d 529 (7th Cir. 1974). When a witness, deliberately and without excuse, makes himself unavailable after having been called before the court, criminal contempt is an appropriate means of furthering that interest. *United States v. Snyder*, 413 F.2d 288 (9th Cir.), *cert. denied*, 396 U.S. 907, 90 S.Ct. 223, 24 L.Ed.2d 183 (1969).

Accordingly, Jackson's motion to quash the government's motion for a rule to show cause is denied.

---

1. Jackson also contends that the government did not diligently attempt to locate him. The government's efforts consisted of scheduling a meeting with Jackson to review his testimony, procuring a warrant for his arrest on the eve of trial when he failed to appear and sending a special agent, twice during the course of trial, to the residence where he had been served with the subpoena. These efforts far exceed the attempts made by the defendants in *United States v. Fuentes*, 432 F.2d 405 (5th Cir. 1970), *cert. denied*, 401 U.S. 919, 91 S.Ct. 904, 27 L.Ed.2d 822 (1971), where the defendants failed to request the court to compel the appearance of the potential witness and failed to seek a continuance until he could be brought into court. Therefore, that case is inapposite.