**UNITED STATES of America,**

v.

**Daniel Joseph FERM.**

**In re Isaiah S. GANT, his attorney.**

**No. 81 CR 274–2.**

United States District Court,
N. D. Illinois, E. D.

June 7, 1982.

Mark S. Prosperi, Sp. Atty., Dept. of Justice, Chicago, Ill., for plaintiff.

Leo E. Holt, Harvey, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge.

This matter is before the court, after hearing, on the court's notice under Rule 42(b) of the F.R. Cr. P. regarding the failure of the defendant's attorney, Isaiah S. Gant, to appear at sentencing.

Sentencing of the two co-defendants was set before me on January 19, 1982, at 10:00 a.m. Mr. Gant had actual notice of the time and date of the sentencing. Shortly after 10:00 a.m. on January 19, 1982, the case was called. Present were both defend-

ants, the co-defendant's attorney, the probation officer who had prepared the presentence reports, numerous family members of both defendants, the court, and the court's staff. Mr. Gant was not present and he had not informed the court's clerk that he would be late. The court attended to other matters and then, Mr. Gant still not being present, took a recess. At about 10:45 a.m. I proceeded with the sentencing of the co-defendant and found Mr. Gant in contempt of court. I fined Mr. Gant $400.00.

At 11:00 a.m., after the case on trial had been called, Mr. Gant arrived. I informed him that he had been held in contempt of court, that the sentencing of his client had been put over, and that I was unable to proceed with the sentencing because the case on trial had already been called.

Mr. Gant employed counsel who persuaded me that I must proceed under Rule 42(b) because the attorney's conduct had not occurred in my presence. I set aside the prior finding of contempt and set the matter for hearing after giving the notice required by Rule 42(b). Mr. Gant and his attorney appeared for the hearing February 5, 1982. At that time Mr. Gant's attorney informed the court that there were no witnesses to appear against Mr. Gant and Mr. Gant was asserting his right under the Fifth Amendment to remain silent. I asked Mr. Gant directly whether he wanted to address the court and he refused the opportunity. I adjourned the hearing and thereafter requested that the United States Attorney prosecute the contempt.

The hearing was rescheduled for April 7, 1982. At that time the Assistant United States Attorney to whom the underlying criminal case was assigned testified with respect to the notice given to all counsel concerning the time and date of the sentencing and Mr. Gant's failure to appear at the sentencing. The government rested. Mr. Gant declined to testify on his own behalf. The hearing ended. I asked for briefs on the question of whether the government's proof was adequate since the proof did not establish why Mr. Gant had failed to appear. The government timely filed its memorandum on April 16, 1982. Mr. Gant has failed to comply with the court's order that he also file a memorandum. (At the end of the hearing, his attorney stated that he would file a memorandum.)

The question is whether the "willful" conduct required by Rule 42(b) is established when an attorney has actual notice of an important court date and fails to appear, and, when given an opportunity both informally and at a hearing to explain his failure to appear, the attorney remains silent. The government's memorandum persuades me that it is.

The purpose of providing a hearing under the circumstances which existed in this case is to give the attorney an opportunity to explain his tardiness. *Chula v. Superior Court,* 57 Cal.2d 199, 18 Cal.Rptr. 507, 512–13, 368 P.2d 107, 112–13 (Cal. Sup. Ct. 1962) (concurring opinion of Chief Judge Gibson and dissenting opinion of Judge Traynor).

Witnesses who fail to appear to testify pursuant to a subpoena are found in contempt unless an adequate excuse is offered on their behalf. *United States v. Snyder,* 413 F.2d 288 (9th Cir. 1969); *United States v. Willis,* 486 F.Supp. 63 (N.D.Ill. 1980) (J. Crowley); *In re: Thompson,* 213 F.Supp. 372, 377 (S.D.N.Y. 1963), *reversed on other grounds, United States v. Thompson,* 319 F.2d 665 (2d Cir. 1963). No lesser rule should be imposed on attorneys who are schooled in their obligations to the court.

Mr. Gant's indifference to the court is not the factor which led me to utilize the court's contempt powers. It was his indifference to his client and his client's family, all of whom were present in court for an important event in their lives, the sentencing of Mr. Ferm. It was also important that the two co-defendants be sentenced at the same time because of the nature of their relationship and the nature of the crime. I note that because the sentencings did occur at different times, it was necessary for the co-defendant's counsel to re-

turn to court after Mr. Ferm's sentencing in order to get a necessary change in his client's reporting date and reporting facility. All of this was made necessary by Mr. Gant's conduct.

Mr. Gant's refusal to offer an explanation to me concerning his failure to appear is conduct unbecoming to an officer of this court. But it is his legal right. The consequence of his failure to discuss the matter leaves me with no alternative. Mr. Gant's conduct in failing to appear for the sentencing of Mr. Ferm was willful and he is guilty of criminal contempt. Immediately prior to the sentencing I shall enter the court's judgment in the presence of Mr. Gant. The matter shall be set for sentencing on June 25, 1982 at 10:30 a.m.