**SHULTON, INC., Plaintiff,**

v.

**OPTEL CORPORATION, etc.,
Defendants.**

No. 89–0211–CIV.

United States District Court,
S.D. Florida.

Feb. 17, 1989.

Thomas K. Equels (local counsel), Holtzman, Krinzman & Equels, Coral Gables, Fla., Steven Shapiro (New Jersey counsel), Bass & Ullman, New York City, for defendant/movant Optel.

John E. Kirkpatrick, Tew Jorden Schulte & Beasley, Miami, Fla., for deponent Maria Elena Rosenfeld.

## ORDER GRANTING MOTION TO COMPEL

RYSKAMP, District Judge.

This cause is before the court upon the motion of defendants Optel Corporation, Jerome K. Rome and Hyman Moore, to hold non-party witness Maria Elena Rosenfeld in contempt and to compel her attendence at a deposition. The court also has the benefit of Rosenfeld's response and arguments from an emergency hearing held February 16, 1989. The court must grant defendants' motion.

FACTUAL BACKGROUND

This cause stems from a civil RICO action presently pending in the United States District Court for the District of New Jersey. In September, Magistrate Ronald J. Hedges ordered the deposition of a number of witnesses in the Miami area, including Maria Elena Rosenfeld. A valid subpoena was issued, commanding her appearance on November 2, 1988. The subpoena did not specifically state that it required the deponent's continuing presence. Defendants twice cancelled and reshceduled Rosenfeld's deposition, but issued no new subpoenas. Rosenfeld did not appear for the rescheduled deposition on January 25, 1989, despite having been sent written notice. Rosenfeld's attorney advised defendants on January 23 that she would not appear vol-

untarily because she had not been served with a subpoena for the new date. Defendants then filed this motion to compel.

LEGAL ANALYSIS

Rosenfeld's position is that the subpoena commanding her appearance on November 2, 1988, is not continuing and cannot force her to attend a deposition on January 25, 1989. Counsel directs the court the case of *Blackmer v. United States,* 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed.2d 375 (1932), where the defendant was held in contempt for failing to appear. A subpoena providing that the witness is "not to depart the Court without leave thereof ..." is deemed to be continuing. *See also In re Germann,* 262 F.Supp. 707 (S.D.N.Y.1966). Counsel contends that because the subpoena served upon Rosenfeld did not contain this language, it is only valid for the date on the subpoena and cannot compel her attendance at another date. Rosenfeld offers no other excuse or reason why she could not be deposed on January 25th.

■ Rosenfeld's position is untenable. *Blackmer, supra,* interpreted the former 28 U.S.C. § 655, which required a witness to respond to a subpoena and to not depart the court without leave thereof. Rule 17, *Federal Rules of Criminal Procedure,* and Rule 45, *Federal Rules of Civil Procedure,* superseded 28 U.S.C. § 655, but did not include this language. However, there was never any indication that Congress intended to limit the efficacy of the subpoena by excluding this language. *United States v. Snyder,* 413 F.2d 288 (9th Cir. 1969) *cert. denied* 396 U.S. 907, 90 S.Ct. 223, 24 L.Ed. 183 (1969); *Germann, supra.* A subpoena presents a continuing duty to appear and does not expire upon its stated date.

■ While the language of *Blackmer, supra,* and *Germann, supra,* support Rosenfeld's position, the rationale upon which they are based points to a different result. Both courts emphasized that the subpoena imposed continuing duty to appear, and added that the terms of the subpoenas themselves directed the defendants to appear. The court has not discovered, nor has counsel directed its attention to, any

cases holding that a subpoena is valid only for the date on its face if it fails to include the former 28 U.S.C. § 655 language. Rosenfeld's interpretation would require a new subpoena to issue anytime a deposition took longer that expected, as when a deposition scheduled for one day extended into the next.

The adoption of the new rules was designed to simplify the process by which a party obtains neccesary information. *Germann, supra.* An attempt to schedule a deposition for the convenience of all parties involved does not require such a formalistic approach, especially where there is no indication that the changes inconvenienced Rosenfeld in the least. Case law, although directed at subpoenas issued in criminal cases, supports this interpretation of the continuing nature of the subpoena.

*Germann, supra,* involved a grand jury subpoena that ordered the witness' attendance until he was granted leave to depart. The grand jury foreman directed him to reappear on a number of different occasions, which he did. The petitioner was then permitted to return to Switzerland to examine some records, but did not return at the agreed upon date. The court held that his willful failure to appear flouted the lawful process of the court. *Id.* at 711. *See also In re Grand Jury Witness,* 835 F.2d 437 (2d Cir.1987) *cert. denied Arambulo v. U.S.,* — U.S. —, 108 S.Ct. 1602, 99 L.Ed.2d 917 (1988); *Reiman v. Breslin,* 175 N.J.Super. 353, 418 A.2d 1293 (N.J. 1980); *In re Grand Jury Subpoenas,* 363 So.2d 651 (La.1978); *In Matter of Elizabeth Ragland,* 343 A.2d 558 (D.C.Ct.Ap. 1975).

Similarly, in this case, Rosenfeld was served with a valid subpoena compelling her presence. The deposition was cancelled, but she did not complain about the new dates, nor did she challenge the validity of the subpoena or file a motion for protective order or motion to quash. Two days before the deposition was to be held, counsel notified defendant that Rosenfeld would not attend and offered no excuse or complaint other than that the subpoena had now expired. The court rejects this argu-

ment and finds that, without a showing of inconvenience, harassment, or misuse of the Rules, the subpoena imposes a continuing duty on Rosenfeld to appear until her deposition is completed.

## CONCLUSION

■ Pursuant to Rule 45(f), Rosenfeld may be found in contempt for disregarding the subpoena or failing to file a timely motion to quash. *Matter of Certain Complaints Under Investigation,* 783 F.2d 1488 (11th Cir.1986) *cert. denied Hastings v. Godbold,* 477 U.S. 904, 106 S.Ct. 3273, 91 L.Ed.2d 563 (1986).

■ Accordingly, it is hereby ORDERED and ADJUDGED that Maria Elena Rosenfeld is found in contempt for failure to obey the court's subpoena. She may purge herself of the contempt order by appearing for deposition in this matter on either February 27, or March 1, 1989, whichever is more convenient. Costs and attorney's fees will be awarded to defendants.

DONE and ORDERED.