PER CURIAM*
Writ granted. The investigative power of the grand jury is necessarily broad if its public responsibility is to be adequately discharged. Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). The allegations of the respondents do not clearly show that the present grand jury investigation could not reasonably be related to criminal activity excepted from the aegis of The Riverboat Economic and Gaming Control Act, La.Rev.Stat.Ann. § 4:501, et seq. or made illegal under that statute itself. Accordingly, the allegations do not show that the subpoenas are unreasonable or oppressive, or that they impose hardship or abuse of process. La.C.Cr.P. arts. 17, 732; PPC v. Perez, 379 So.2d 1373 (La.1980); In re Grand Jury Subpoenas, 363 So.2d 651 (La.1978). Nor have the respondents alleged facts showing a threatened conflict between their constitutional rights and the grand jury proceedings. See Branzburg v. Hayes, supra; In re Grand Jury Proceedings, 520 So.2d 372, 376 (La.1988). In the absence of any of these factors, judicial intervention and close scrutiny of grand jury subpoenas is not warranted.
Accordingly, the motion to quash, as presently written, is denied. If the respondents are able in good faith to allege the existence of any of these factors, however, they should be permitted to amend their motion accordingly.

 Marcus, J. not on panel. Rule IV, Part 2, § 3.