| .PER CURIAM.
The state, through the office of the Attorney General, seeks review in this Court of an order directing it to pay the entire cost of transcribing testimony of witnesses before a grand jury convened in the 14th Judicial District, Parish of Calcasieu, in 2003, to investigate the quality of care rendered to four residents of the Greenhill Nursing Homes in DeQuincy, Louisiana, a state-licensed health care facility.
The trial court ordered the testimony transcribed in response to a motion filed by defense counsel representing several present and former employees of the facility, both witnesses and targets of the investigation, to enjoin proceedings before the grand jury and to empanel a new grand *34 jury. Defense counsel based his motion on allegations that in the presence of the grand jurors the prosecuting attorneys advised two of his clients, called as witnesses, that they should refrain from discussing their grand jury testimony with anyone, especially with counsel. The motion further alleged that prosecutors admonished a third client, a target of the investigation, again in the presence of the grand jurors and also in the presence of counsel, see La.C.Cr.P. art. 433(A)(2)(“An attorney for a target of the grand jury’s investigation may be present during the testimony of said target.”), that counsel labored under an actual conflict of interest and that the court would, if the witness so desired, find other, non-conflicted counsel. The state opposed the motion on legal grounds, filing a motion to dismiss it summarily, and 1 Palso raised questions about the accuracy of the witness’s affidavits attached to counsel’s motion as to what was or was not said inside the grand jury room. In addition, the state filed a motion to inquire into the question of whether counsel’s representation of several witnesses and targets of the investigation was inherently conducive to conflicts of interest and a second motion to disqualify counsel on conflict grounds from further representation of any witness or target called before the grand jury. The trial court ordered the testimony of all witnesses appearing before the grand jury transcribed to resolve the competing motions and in the interim, the state agreed to suspend presentation of its case before the grand jury.
By the time the court reviewed the transcripts and ruled on the motions, the grand jury term had expired without indictments returned against anyone concerned in the investigation.[1] Although the motion to enjoin the proceedings was therefore moot, the court observed that in any event the allegations made by counsel would not have justified enjoining the grand jury investigation even if it were still proceeding. On the other hand, in the court’s opinion the transcripts of testimony given before the grand jury bore out counsel’s allegations regarding the advice given by the prosecutor to his three clients and thereby justified its order directing the transcription in the first place. In the court’s view, the warnings delivered by the prosecutor to the witnesses would have been sufficient, if the grand jury were still proceeding, “to require an admonition that was going to have to be made to [the grand jurors] ...” to disregard the prosecutor’s |scomments. As for the state’s motion to disqualify counsel, the court deferred ruling on the merits until after indictments were returned. To the extent that the grand jury transcripts supported the factual allegations made by counsel in his motion, and that the only motion resolved on the merits had been resolved in counsel’s favor, the court as^ sessed all costs of the transcription against the state in the amount of $4,000. A divided panel in the Third Circuit denied review without comment. In Re: Matter Under Investigation Grand Jury NO. 1, 03-01623 (La.App. 3rd Cir.2/18/04), (Amy, J., dissenting).
*35 In its application to this Court, the state does not contest the merits of the district court’s ruling that the prosecutor’s advice to the three witnesses was improper. While we are not commenting on the merits of defense counsel’s motion, by the same token we are not condoning the State’s advice to certain witnesses and the grand jury during the grand jury investigation. However, the state argues that the court should not have considered counsel’s motion in the first place because the inquiry into the factual allegations of the motion compromised the independence of the grand jury as an investigating body and jeopardized the secrecy that is the hallmark of grand jury proceedings in Louisiana and elsewhere. La.C.Cr.P. art. 434(A)(“Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury.”). To the extent that the court’s order of all costs of transcription rested on the premise that the factual dispute resolved by the transcripts was one which the district court had the authority to address in the exercise of supervisory authority over grand jury proceedings, the state argues that the court should not have assessed the entirety of the $4,000 in costs against it and that, as an equitable 14matter, it should, if it is to pay any costs at all, pay only the costs associated with transcribing the testimony of the three witnesses concerned in counsel’s motion to enjoin the grand jury proceedings.
For the following reasons, we agree with the state that the trial court erred in denying its motion to dismiss summarily defense counsel’s motion to enjoin the grand jury proceedings; therefore, the state should not have been cast with any costs for transcribing grand jury proceedings.
In Louisiana as elsewhere, grand juries traditionally have operated as an investigative body independent of both the prosecutor’s office and the courts. United States v. Williams, 504 U.S. 36, 47, 112 S.Ct. 1735, 1742, 118 L.Ed.2d 352 (1992)(“In fact, the whole theory of its function is that it belongs to no branch of the institutional Government, serving as a kind of buffer or referee between the Government and the people.”) (citations omitted). Thus, “[ajlthough the grand jury normally operates, of course, in the courthouse and under judicial auspices, its institutional relationship with the Judicial Branch has traditionally been, so to speak, at arm’s length. Judges’ direct involvement in the functioning of the grand jury has generally been confined to the constitutive one of calling the grand jurors together and administrating their oaths of office.” Id. A grand jury’s day-to-day functioning therefore “generally operates without the interference of a presiding judge.” Id.
The statutes pertaining to the grand jury, La.C.Cr.P. art. 431-438 and La.C.Cr.P. art. 533, do not address challenges made to grand jury proceedings based on prosecutorial misconduct which may compromise the role of the grand jury as an independent and autonomous investigative body.
In Board of Com’rs of Orleans Levee Dist. v. Connick, 94-3161 (La.3/9/95), 654 So.2d 1073, we addressed under what limited circumstances a state criminal | ¡^prosecution may be enjoined before the institution of criminal proceedings by bill of information or indictment. In that case, the Board of Commissioners for Orleans Levee District filed an action seeking declaratory and injunctive relief to prevent *36 the District Attorney from investigating or indicting the operators of riverboat casinos.[2] We affirmed the trial court’s ruling denying defendant’s motion for a preliminary injunction and the trial court’s ruling dissolving the temporary restraining order. We discussed the extraordinary circumstances required to justify the granting of such extraordinary relief:
Our jurisprudence admits of only a limited number of instances in which a state criminal prosecution may be enjoined prior to the institution of criminal proceedings in a court exercising criminal jurisdiction, i.e. prior to the filing of a misdemeanor affidavit or bill of information by the district attorney or the issuance of an indictment by a legally constituted grand jury. See La. Const. Art. I, § 15; LSA-C.Cr.P. Art. 382. These limitations upon the power of a court exercising civil jurisdiction arise from a respect for the constitutional prerogative of the district attorney, as well as an appreciation of the different purposes served by a trial court’s exercise of civil, as opposed to criminal, jurisdiction.
Article V, § 26 of the Louisiana Constitution of 1974 provides the district attorney with broad and sweeping powers as part and parcel of his role as the state’s prosecuting attorney. “A district attorney is a constitutional officer who serves in the judicial branch and exercises a portion of the sovereign power of the state within the district of his office.” Diaz, supra, 433 So.2d at 701. “The district attorney has entire charge and control of every criminal prosecution instituted or pending in his district and determines whom, when and how he shall prosecute.” State v. Perez, 464 So.2d 737, 744 (La.1985). Furthermore, “there is no provision of law that defines or limits the type of cases a district attorney may prosecute.” Id. See also State v. Sykes, 364 So.2d 1293, 1297 (La.1978). Finally, the jurisdiction of the district attorney to prosecute those who violate state criminal statutes is exclusive; it can only be constrained or curtailed when it operates to the prejudice of a contrary constitutional mandate, and even then only with due deference to the district attorney’s constitutional prerogative. City of Baton Rouge v. Short, 345 So.2d 37, 40 (La.1977).
We have in the past recognized only two particular scenarios in which the egregiousness of the threat to constitutionally protected interests warrants the staying of a district attorney’s investigation prior to the initiation of prosecution in a court of criminal jurisdiction. The first of these is ^presented by a case where the district attorney is attempting to prosecute a prospective defendant under a statute which is “manifestly unconstitutional.” Knights of Columbus v. Louisiana DPS, 548 So.2d 936, 938 (La.1989) (citing cases). A statute (or ordinance) is “manifestly unconstitutional” when it is invalid on its face, e.g. when the statute is unconstitutionally vague or over-broad. The drastic remedy of injunctive relief to restrain enforcement of such a statute is necessary because such a statute by its very existence threatens to “chill” the citizenry’s exercise of constitutionally protected speech and assembly. See Plaquemines Parish Comm’n Council v. Perez, 379 So.2d 1373, 1384-1385 (La.1980), citing Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Outside of the narrow context of “manifestly unconstitutional” statutes, however, “[tjhe proper forum for testing the constitutionality of the statute is by a motion to quash in a *37 criminal prosecution if and when that occasion arises.” LaBauve v. Louisiana Wildlife and Fisheries Comm’n, 289 So.2d 150, 153 (La.1974).
The second situation in which we have approved a civil court’s enjoining a district attorney’s investigation arises when the district attorney abuses the powers of his office by subjecting an individual to a harassing investigation without any good faith belief that the individual has committed any crime. Compare In re Grand Jury Subpoenas Issued to Certain Members of Orleans Levee District, 95-KK-0042, 648 So.2d 864 (La.1996) (per curiam). The issuance of an injunction is warranted in such cases because “there [is] a federal right to be free of a bad faith prosecution.” Perez, supra, 379 So.2d at 1385 (footnote omitted), discussing Shaw v. Garrison, 467 F.2d 113 (5th Cir.1972), cert. denied, 409 U.S. 1024, 93 S.Ct. 467, 34 L.Ed.2d 317 (1972). A plaintiff who seeks to enjoin such “bad faith” investigations must show, at a minimum, that he is threatened with an investigation which is “unnecessarily abusive, harassing or illegal, and without any possibility of ultimate indictment supported by probable cause for prosecution.” Perez, supra, 379 So.2d at 1385.
In the absence of one of these threshold showings, however, a court exercising civil jurisdiction cannot restrain the district attorney from the exercise of his constitutional powers.
Board of Com’rs of Orleans Levee Dist., 654 So.2d at 1077-79; (footnotes omitted).
In the present case, the trial court found the allegations made in the motion by defense counsel would not have justified enjoining the grand jury investigation. Thus, these allegations were not so egregious as to pose a threat to constitutionally protected interests.
|7The comments made by the prosecutor in the presence of the grand jurors, while found improper by the district court, were not so prejudicial in terms of the grand jury’s traditional function that they created a grave risk of an indictment returned on the basis of any bias fostered against counsel. Given the nature of defense counsel’s complaint, the trial court erred in not sustaining the state’s objection to defense counsel’s motion to enjoin the pre-indictment grand jury investigative proceeding. By entertaining defense counsel’s motion, the trial court pierced the veil of grand jury secrecy by having the testimony transcribed as a prelude to intervening in the operations of that body for purposes of admonishing jurors as to what they should or should not consider in the prosecutor’s presentation to them, and did not adequately take into account that “the grand jury is an institution separate from the courts, over whose functioning the courts do not preside.... ” Williams, 504 U.S. at 47, 112 S.Ct. at 1742.
For the foregoing reasons, the judgment of the lower courts are reversed and set aside. This matter is remanded to the district court for further proceedings, if any are pending, consistent with the views expressed herein.
REVERSED AND REMANDED.

. It is evident the complained of errors by the state in these pre-indictment grand jury proceedings are moot because that grand jury term has expired. We note the proper (or preferable) procedure to address those issues would have been by supervisory writs at the time the state’s objections to the defense motions were overruled. Because these serious issues were not brought timely before being rendered moot, we will not address the merits of these issues as this would constitute an impermissible advisory opinion. However, the issue of the propriety of the defense motions at the pre-indictment stage of the grand jury investigative proceedings will be considered in determining the appropriateness in casting the state with costs for transcribing the grand jury witnesses's testimony.

. We reversed the trial court on an issue not relevant to the issue presently before us.