Dear Mr. Carson:
You requested an Attorney General's opinion regarding the publishing of an information report to inform the public about the duties functions and program offerings that are available through the District Attorney's Office. Your public information officer has suggested that one way to inform your citizens of the work you perform and the programs you offer would be to publish and distribute an informational report containing statistics, specialized programs, contact information, jury service requirements, crime victims rights and general duties and functions of the District Attorney as chief prosecutor in his district.
You indicate that you are contemplating that this information report would be a twelve color page publication. It would specifically include information about victim assistance, domestic violence, juvenile, non-support, elderly abuse, worthless checks and civil and criminal responsibilities of the District Attorney's Office. In addition, you would also provide pictures, names, addresses, telephone numbers, facsimile, e-mail and website addresses of the District Attorney, Assistant District Attorneys and various employees supplying valuable resources to the community. You have asked for an opinion on the following:
 1. May a District Attorney publish and disseminate an informational report regarding the operations of the District Attorney's office bearing the photographs and names of the District Attorney and some of his employees to the citizens of his district with public funds?
 2. Are there any restrictions as to the method of dissemination used, i.e. newspaper insert, direct mail, business news stands placement, or door to door, etc.? *Page 2 
The following statutes and constitutional provision are applicable to your first question:
 R.S. 43:111.1 Advertisements paid for with public funds, restrictions
 No public funds shall be used in whole or in part for the payment of the cost of any advertisement containing therein the name of any public official whether elected or appointed; provided, however, that the provisions of this section shall in no case be construed to apply to advertisements or notices required or authorized by law to be published or to any advertisements placed by any public agency or body authorized by law to advertise in the furtherance of its functions and duties.
 La. Const. Art. XI, Section 4 Prohibited Use of Public Funds
 No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
 R.S. 18:1465 Prohibited use of public funds
 A. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
 B. Whoever violates any provision of this Section shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both. On a second offense or any succeeding offense, the penalty shall be a fine of not more than one thousand dollars or imprisonment for not more than one year, or both.
R.S. 43:111.1 clearly prohibits the use of public funds to pay for any advertisement that contains the name of any public official. While, as you point out in your opinion request, Title 43, Chapter 3 is titled "State Advertisements", the language of R.S. 43:111.1 does not limit its application to the State or its departments, offices, boards or commissions. The statute specifically states that no public funds shall be used to pay the cost of any advertisement that contains the name of "any public official whether elected or appointed" (emphasis added). Even if R.S. 43:111.1 applied only to state officers, District Attorneys are constitutional officers of the State and would still be covered by the statute. La. Const. Art V, Sec. 26; In Re Matter Under InvestigationGrand Jury No. *Page 3 1, 2004-KK-0672 (La. 5/14/2004), 875 So.2d 33. Additionally, the use of a public official's name in an advertisement may be construed as the of use public funds to urge an elector to vote for a candidate. In accord is Attorney General Opinion No. 75-589. La. Const. Art. XI, Section 4
and R.S. 18:1465 both prohibit the use of public funds to urge any elector to vote for or against any candidate. Therefore, it is the opinion of our office that the District Attorney may not use public funds to publish and disseminate an informational report bearing the photographs and names of the District Attorney and his employees. Such a use of public funds would be a violation of R.S. 43:111.1, La. Const. Art. XI, Section 4 and R.S. 18:1465.
You also questioned whether there are any restrictions as to the method of dissemination of an informational report. If the District Attorney publishes an informational report, without photographs and names of the District Attorney and his employees, this office is unaware of, and our research did not reveal, any provision of state law which would restrict the method of distribution of such report.
Trusting this adequately responds to your request, we remain
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ RICHARD L. MCGIMSEY Assistant Attorney General
 JDC:RLM:crt